1  PILLSBURY WINTHROP SHAW PITTMAN LLP
   Stacie O. Kinser (Cal. Bar No. 300529)
2  stacie.kinser@pillsburylaw.com
   Four Embarcadero Center, 22nd Floor
3  San Francisco, CA  94111
   Telephone:  (415) 983-1000
4  Facsimile:  (415) 983-1200

5  PILLSBURY WINTHROP SHAW PITTMAN LLP
   Casey Low (Tex. Bar No. 24041363)
6  *Pro Hac Vice* forthcoming
   casey.low@pillsburylaw.com
7  401 Congress Ave., Suite 1700
   Austin, TX 78701
8  Telephone: (512) 580-9600
   Facsimile: (512) 375-4901

9
   Attorneys for Plaintiff Schrader Cellars, LLC
10
                    **UNITED STATES DISTRICT COURT**
11
                  **NORTHERN DISTRICT OF CALIFORNIA**
12

13
   SCHRADER CELLARS, LLC                    Case No.
14
             Plaintiff,                     **COMPLAINT FOR:**
15                                          **(1) Declaratory Relief;**
          vs.                               **(2) Federal False Advertising (15 U.S.C. §**
16                                          **1125(a));**
   ROBERT M. (RANDY) ROACH, JR.             **(3) California False Advertising (Cal. Bus.**
17                                          **and Prof. Code § 17500, et seq.);**
             Defendant.                     **(4) Federal Trademark Infringement (15**
18                                          **U.S.C. § 1114);**
                                            **(5) California Trademark Infringement**
19                                          **(Cal. Bus. & Prof. Code § 14320);**
                                            **(6) Federal Trademark Dilution (15 U.S.C.**
20                                          **§ 1125(c));**
                                            **(7) California Trademark Dilution**
21                                          **(Cal. Bus. & Prof. Code § 14247);**
                                            **(8) Trade Libel/Defamation;**
22                                          **(9) Unjust Enrichment;**
                                            **(10) Breach of Fiduciary Duty;**
23                                          **(11) California Unfair Competition (Cal.**
                                            **Bus. & Prof. Code §§ 17200 *et seq.*)**
24
                                            **JURY TRIAL DEMANDED**
25

26

27

28

                                    -1-

1    Plaintiff Schrader Cellars, LLC ("**Schrader Cellars**" or "**Plaintiff**") alleges as follows for its

2    Complaint against Defendant Robert M. ("Randy") Roach, Jr. ("**Roach**" or "**Defendant**"):

3                                       **INTRODUCTION**

4         1.    Schrader Cellars brings this action and seeks a declaratory judgment of the parties'

5    rights with respect to (1) *inter alia*, ownership of the Schrader RBS trademark and marks for the other

6    Schrader sub-brands, which are registered to Plaintiff (defined below as the "**SCHRADER Marks**"),

7    (2) title to and ownership of Schrader Cellars assets, including Schrader Cellars' physical assets and

8    current wine inventory, and (3) membership and/or ownership of Schrader Cellars. Plaintiff also seeks

9    to quiet title against the claims of Roach as to any right, estate, lien, or interest in or to the same

10   physical assets, intellectual property, or goodwill associated with Schrader Cellars and the

11   SCHRADER marks.  Plaintiff also seeks injunctive and monetary relief based on Defendant Roach's

12   false advertising, false association, false designation of origin, trademark infringement, and trademark

13   dilution in violation of the Lanham Act, 15 U.S.C. § 1125, and 15 U.S.C. § 1114.  Plaintiff further

14   seeks injunctive and monetary relief based on Roach's conduct resulting in state law trademark

15   infringement, trademark dilution, unfair competition, trade libel/defamation, unjust enrichment, and

16   breach of fiduciary duty.

17                                       **THE PARTIES**

18        2.    Schrader Cellars, LLC is a California limited liability company with a principal place

19   of business in San Francisco, California.  Schrader Cellars is a California winery that manufacturers

20   wine using grapes purchased from a portion of the To Kalon Vineyard, and primarily sells the wine

21   directly to consumers via its mailing list.  Schrader Cellars is solely owned by TPWC, Inc., f/k/a

22   Franciscan Vineyards, Inc., a Delaware corporation.  The sole shareholder of TPWC, Inc. is

23   Constellation Brands, Inc. ("**Constellation**"), a Delaware corporation with a principal place of

24   business in Victor, New York.

25        3.    Defendant Robert M. ("Randy") Roach, Jr. is an individual and a citizen of the United

26   States who resides in Houston, Texas.  Roach is an attorney and partner at his Houston-based law firm,

27   Roach Newton LLP.

28

**JURISDICTION & VENUE**

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § § 1331, 1338, 2201, and 2202, as this is an action arising under the Lanham Act and the Declaratory Judgment Act of the United States.  This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this action is between citizens of different states and the matter in controversy is believed to concern trademark assets which have an inherent value exceeding the sum or value of $75,000.

5. The state law claims asserted herein are so related to those over which this Court has original jurisdiction as to form part of the same case or controversy.  Therefore, this Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over the state law claims asserted herein.

6. Upon information and belief, Defendant conducts business within the State of California.

7. This Court has personal jurisdiction over Defendant Roach because Roach has availed himself of the laws of the State of California through the conduct of his business, including by virtue of his claimed membership in a California limited liability company and by filing organization documents for that California limited liability company with the California secretary of state. Additionally, this Court has personal jurisdiction over Defendant Roach because Defendant has committed acts in California giving rise to Plaintiff's claims under the Lanham Act and the Declaratory Judgment Act.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § § 1391(a)-(c) because a substantial part of the events giving rise to Plaintiff's claims occurred in this judicial district and the property that is the subject of the action is situated in this judicial district.

**INTRADISTRICT ASSIGNMENT**

9. Pursuant to Civil L.R. 3-2(c) and General Order No. 44, this case is properly assigned to any division of this Court, except that pursuant to Civil Local Rules 3-2(g) and 73-1, Plaintiff does not consent to assignment to a Magistrate Judge residing in the Eureka Division.

-3-

# FACTUAL BACKGROUND

## A. Actual Controversy and Roach's Ownership Claims.

10.     Plaintiff Schrader Cellars is a prestigious winery located in Napa Valley, California. Founded by California resident Fred Schrader[1] in 1998, Schrader Cellars manufactures wines with grapes sourced from various portions of the elite To Kalon vineyard.  Over the course of two decades, Schrader Cellars—which almost exclusively sold wine directly to consumers nationally and internationally via its mailing list—produced several vintages earning perfect 100-point scores from nationally esteemed wine critic Robert Parker, ultimately becoming the highest-rated American Cabernet Sauvignon portfolio.

11.     The Schrader Cellars portfolio includes a variety of Cabernet Sauvignon wines, all manufactured from grapes in the To Kalon vineyard (collectively, "**Schrader wines**"): Schrader Cabernet Sauvignon, Schrader CCS Cabernet Sauvignon, Schrader Colesworthy Cabernet Sauvignon, Schrader GIII Cabernet Sauvignon, Schrader LPV Cabernet Sauvignon, Schrader Old Sparky Cabernet Sauvignon, Schrader T6 Cabernet Sauvignon, and, of particular interest to this case, Schrader RBS Cabernet Sauvignon ( "**Schrader RBS**").

12.     In 2017, Franciscan Vineyards, Inc., n/k/a TPWC, Inc., purchased 100% of the outstanding membership interests of Schrader Cellars, LLC from Fred Schrader.[2]

13.     In 2018, Defendant Randy Roach, an attorney and longtime friend of Fred Schrader's, filed a lawsuit against Fred Schrader and Franciscan Vineyards, Inc.'s (and now TPWC, Inc.'s) parent corporation, Constellation, in state court in Harris County, Texas (the "**Texas suit**").  Roach's claims in the Texas suit center on an oral agreement allegedly formed twenty years ago relating to Roach's alleged investment in a project to produce wine using grapes sourced from the To Kalon vineyard in Napa Valley, California.  Though the parties never signed any agreement, Roach alleges that as part of the project, he set up a California entity named Roach Brown Schrader, LLC (referred to as "**RBS**

---

[1]     To avoid any confusion between Plaintiff Schrader Cellars, the SCHRADER marks, and the individual Fred Schrader, Fred Schrader will be referred to herein using his first and last name.

[2]     Fred Schrader owned 99% of the LLC interests, and Fairchilds Fine Art, Inc., a California corporation solely owned by Fred Schrader, owned 1% of the LLC interests.

4843-1101-1038.v1                                              Case No: _____

LLC"). RBS LLC never did any business or reported any profits, and Roach did not protest when he was notified of the entity's cancellation in 2013. Roach has never had any ownership interest in or association with Schrader Cellars, whether individually or through RBS LLC. Nevertheless, Roach maintains both publicly and privately that he owns 50% of some assets associated with Schrader RBS wine, including apparently the trademark and rights associated with that label—which has been consistently sold by Schrader Cellars, LLC since 2003.

14.     Despite these public assertions, Roach has not stated any claims against Schrader Cellars, LLC itself, which is not a named party to the Texas suit.[3] Instead, Roach asserts claims against Fred Schrader and Constellation only, while acknowledging his prayer for relief, if granted, would include some "percentage ownership of Schrader Cellars." Through the Texas suit, Roach also seeks to recover assets and property belonging to Schrader Cellars that Roach contends were assets of RBS LLC. Roach asserts that these assets include rights to specific rows of the clone 337 To Kalon vineyard Cabernet grapes; the production, marketing, and sale of the wine produced from those grapes; his claimed allocation of wine made from those grapes; and the goodwill of the Schrader RBS brand. The tangible assets sought by Roach, such as inventory of Schrader RBS, are located in California.

15.     In light of Roach's assertion of ownership of property that is currently in Schrader Cellars LLC's possession in California, Schrader Cellars brings this action in this Court given the location of the physical assets in this jurisdiction. Roach has already refused to assert such jurisdiction over Schrader Cellars in Texas, which is lacking in that State nonetheless. Accordingly, the actual and claimed equity ownership of Schrader Cellars, a California LLC, and its California assets is entirely unclear, and presents an actual controversy that can only be resolved by a California court.

**B. <u>Facts Regarding Roach's Misconduct Come to Light.</u>**

16.     In the midst of the controversy regarding Schrader Cellars' assets, recently unearthed facts revealed that the extent of Roach's misconduct with respect to Schrader Cellars was far graver than deciding to sue his former best friend, Fred Schrader.

17.     Over the years, Roach provided legal representation to Schrader Cellars and to Fred

---

[3]     In fact, as set forth below, Constellation sought to have Schrader Cellars added as a party, and Roach refused.

Case No: _____

Schrader individually through his law firm Roach Newton LLP.  The attorney-client relationship between Roach Newton LLP and Fred Schrader extended at least through 2016, when Roach suddenly stopped advising Fred Schrader regarding a separate wine enterprise called Boars' View and a litigation dispute among the entity's partners.  Roach Newton LLP currently represents Roach in the Texas suit.

18.     While it is undisputed that Roach and his law firm established a confidential attorney-client relationship with Schrader Cellars, Roach admitted that he had never obtained a written engagement agreement from Fred Schrader or Schrader Cellars.  Roach now seeks an equity interest in Schrader Cellars despite his past representation.  However, Roach never advised Schrader Cellars of his intent to claim such an interest, let alone obtained his client's informed written consent to any type of transaction purporting to confer this claimed pecuniary interest.  Similarly, Roach did not permit Schrader Cellars to consult independent counsel regarding any purported or actual acquisition of an ownership, possessory, security, or other pecuniary interest in Schrader Cellars.

19.     Roach's self-interested use of information gained from confidences disclosed during the attorney-client relationship to claim a pecuniary interest in his former client's assets adverse to Schrader Cellars' interest constitutes an abuse of the trust placed in Roach and a breach of the fiduciary duty Roach owes to Schrader Cellars.

C. **Additional Misconduct and Use of the Schrader RBS and Schrader Cellars Marks and Goodwill.**

20.     Recently discovered documents and communications also revealed that, unbeknownst to Schrader Cellars, Roach has been holding himself out as the owner and winemaker for Schrader RBS wine to restaurant owners, wine collectors, and other third parties throughout the United States and abroad.  Specifically, Roach apparently visited various restaurants and wine collectors in Texas, California, New York, and elsewhere in the United States, presenting himself as the owner of Schrader RBS for his own social and financial gain.  Roach even had business cards made for himself bearing the "Schrader RBS" mark and designation "Vintner," which he handed out to restaurant owners and others.  Schrader Cellars is even listed as Roach's "company" on his biography on a professional website.

Case No: _____

21.     Roach's misrepresentations led to a widely held belief among restauranters and wine collectors that Roach was an owner of Schrader RBS.  This belief apparently persists and extends not only to an association with Schrader RBS, but to Schrader Cellars as a whole.

22.     In falsely holding himself out as an owner and winemaker for Schrader Cellars or at a minimum Schrader RBS, Roach generated a significant amount of confusion among the wine and restaurant community as to the origin of the wine.  For example, one restaurant owner states that he featured Schrader RBS on a list of wines specifically affiliated with Houstonians because of his belief that Roach was an owner of Schrader RBS.

23.     Roach's misrepresentations regarding his alleged ownership of or association with Schrader RBS and Schrader Cellars proved to his economic advantage.  For example, in 2019 Roach sold over $1 million of his own wine collection at an auction event specifically for his collection of Schrader wines.  The catalogue for the event, addressed to "Fellow Schrader Lovers," refers to Roach as a "partner in the production, marketing, and sale of Schrader RBS Cabernet."

24.     Roach also claimed tax deductions for expenses he reported as related to Schrader RBS, writing off expenditures for fine dining, lavish trips to Napa, Paris, and elsewhere, and purchases of cigars and other top-shelf liquors—all in connection with his unsanctioned "promotion" of Schrader RBS across the United States.

25.     Even more recently, Roach has made statements to potential customers of Schrader RBS and members of the wine community disparaging Schrader Cellars and discouraging potential customers from purchasing wine from Schrader Cellars because Roach claims that Schrader RBS was "stolen" from him by Schrader Cellars.

26.     As set forth below, Schrader Cellars owns federal trademarks for SCHRADER and each of its sub-brands, including Schrader RBS, which were never opposed by Roach.

27.     Roach's conduct has apparently generated, and is likely to continue to cause, confusion among customers and consumers as to the source, origin, nature, and quality of Schrader wines— including blurring the connection between Schrader wines and Napa Valley in lieu of a false association between Schrader wines and Houston or Texas.  Further, Roach's conduct has caused and will continue to cause immediate and irreparable injury to Schrader Cellars, including injury to its

business, reputation, and goodwill, and will continue to deceive the public unless enjoined by this Court.  Schrader Cellars has no adequate remedy at law for the continuing injury and harm.

**D.  Schrader Cellars Registered Trademarks.**

28.     Schrader Cellars markets, sells, and produces its Schrader wines in interstate commerce in connection with and in association with its "SCHRADER" word and design marks.

29.     Schrader Cellars has been continuously using its SCHRADER marks since at least as early as November 2001 and has acquired substantial common law rights in and to the SCHRADER marks by virtue of that continuous and ongoing usage.

30.     In addition to substantial common law rights, Schrader Cellars, LLC owns a federal trademark registration for SCHRADER, Reg. No. 3,487,525, which is a strong and undiluted mark for wine.  The mark was first used in commerce in November 2001, and all of the labels for the Schrader wines prominently feature the SCHRADER mark in a consistent stylized treatment.[4]

31.     Schrader Cellars similarly owns and holds several U.S. trademark registrations for marks for the SCHRADER sub-brands (collectively, the "**SCHRADER marks**"), including: RBS (U.S. Trademark Registration No. 5,176,524) (the "**Schrader RBS mark**"); CCS (U.S. Trademark Registration No. 5,176,522); COLESWORTHY and its related design mark (U.S. Trademark Registration No. 5,176,393); DOUBLE DIAMOND (U.S. Trademark Registration No. 2,861,501); LPV (U.S. Trademark Registration No. 5,176,523); OLD SPARKY (U.S. Trademark Registration No. 5,176,526); T6 (U.S. Trademark Registration No. 5,176,530); and GIII (U.S. Trademark Registration No. 5,279,742). Though registrations were issued for many of these marks in April 2017, the registrations reflect first uses in commerce dating back to the early 2000s for most of the SCHRADER marks—including the Schrader RBS mark, which was first used July 16, 2003.  The trademark registrations for the SCHRADER marks are attached hereto as Exhibits A through I.

32.     Schrader Cellars was the first and sole owner and user in the United States of the SCHRADER marks and sub-brands, including the Schrader RBS mark and the Schrader RBS brand, and has acquired legal rights in and to the SCHRADER marks and trade name by virtue of that

---

[4]     With the exception of the Old Sparky and Colesworthy wine labels, which have a different look and feel.

Case No: _____

1  continuous and ongoing usage.

2      33.    Since at least as early as 2001, Schrader Cellars has extensively marketed the Schrader

3  wines using the SCHRADER marks.  As such, the SCHRADER marks have acquired valuable

4  goodwill and fame throughout California and the United States.  Additionally, Schrader Cellars has

5  been continuously using the SCHRADER marks since at least as early as 2001 in interstate commerce

6  in connection with the Schrader wines, including extensive advertising, marketing, promotion, and

7  sales such that consumers know and recognize the SCHRADER marks, and associate them distinctly

8  with Schrader Cellars and the award-winning Napa-appellated wine Schrader Cellars manufactures,

9  markets, and sells.

10     34.    As a result of Schrader Cellars' substantial and significant ongoing advertising,

11  marketing, and promotional efforts, its use of the SCHRADER marks, the geographical scope in which

12  Schrader Cellars uses and promotes the SCHRADER marks, and the high degree of consumer

13  recognition, the SCHRADER marks have acquired secondary meaning, have become well-known and

14  famous in the wine industry, and have acquired extremely valuable goodwill such that the public

15  associates the SCHRADER marks with Schrader Cellars and the elite Napa Valley wine it offers.

16     35.    Schrader Cellars is a leading luxury wine company in the United States, producing

17  some of the most revered Cabernet Sauvignon wines in the world.  Since its founding in 1998, Schrader

18  Cellars has garnered the highest critical acclaim in the history of American Cabernet Sauvignon

19  production, set the standard for American Cabernet Sauvignon production, and offers the single most

20  critically acclaimed portfolio of American Cabernet Sauvignon. For example, Schrader Cellars has

21  earned a combined total of 27 perfect 100-point scores from *The Wine Advocate*, *Wine Spectator*,

22  *JebDunnuck.com* and *James Suckling*, a truly peerless accomplishment in winemaking.

23     36.    On average, Schrader Cellars sells a vast majority of its wines on a direct-to-consumer

24  basis at over $225 per bottle.  Historically, the majority of the wine is sold within the first day of its

25  availability to the company's list of high-value customers, which typically has a waiting list of several

26  years.

27

28

37.    Roach does not own a registered trademark for any of the Schrader wines, including the Schrader RBS mark or any of the Schrader sub-brands listed above and did not file any opposition to the trademark registrations, which were issued after the time period for any opposition passed.

## COUNT I

### Declaratory Relief

### (28 U.S.C. §§ 2201-2202, Cal. Code Civ. Proc. § 1060)

38.    Plaintiff refers to and incorporates by reference as if fully set forth herein each and every allegation of paragraphs 1-37 hereof.

39.    An actual controversy has arisen and now exists between Plaintiff and Roach regarding the parties' respective rights and duties and Roach's claimed interest in and title to Plaintiff's assets and claimed equity ownership of Schrader Cellars, LLC.

40.    With respect to the controversy, Plaintiff contends as follows:

   a.   Plaintiff is the registered owner of federal trademarks for all SCHRADER marks, including the Schrader RBS mark;

   b.   Plaintiff holds title to all property of Schrader Cellars and its wine inventory, including all inventory of Schrader RBS wine;

   c.   Any property rights including real property associated with contracts for the purchase of grapes executed by Schrader Cellars are not the property of Roach; and

   d.   There were no liens or encumbrances on any of Schrader Cellars, LLC's physical assets or intellectual property when Schrader Cellars, LLC became a wholly-owned subsidiary of Franciscan Vineyards (n/k/a) TPWC, Inc.

41.    Plaintiff is informed and believes and, on that basis, alleges that Roach disputes and denies each of Plaintiff's foregoing contentions. Roach has and continues to claim an interest in Schrader Cellars and has expressed an intent to take possession of Plaintiff's assets.

42.    Based on the foregoing controversy, Plaintiff therefore requests a judicial declaration as follows:

a.   There were no liens or encumbrances on any of Schrader Cellars, LLC's physical assets or intellectual property when Schrader Cellars, LLC became a wholly-owned subsidiary of Franciscan Vineyards (n/k/a) TPWC, Inc.;

b.   All right, title, and interest to the claimed assets are the sole property of Plaintiff Schrader Cellars, LLC, including all physical assets, inventory, and intellectual property associated with Schrader Cellars and the SCHRADER marks;

c.   Roach has no rights or title to Plaintiff's assets;

d.   Roach has no registered or common law rights to any SCHRADER mark, including the Schrader RBS mark; and

e.   Roach has zero percent membership interest in Schrader Cellars, LLC.

43.   A judicial declaration concerning the controversy is necessary and appropriate at this time so that the parties may ascertain their respective rights, duties, and obligations.  Such declaration would inform the parties' future conduct and reduce the burden placed on Plaintiff caused by the current unsettled state of affairs.

## COUNT II

## Federal False Advertising

## (15 U.S.C. § 1125(a))

44.   Plaintiff refers to and incorporates by reference as if fully set forth herein each and every allegation of paragraphs 1-37 hereof.

45.   Roach is selling, advertising, and promoting his own goods and services, as well as other products and services, in interstate commerce.

46.   Roach has made statements to present and potential Schrader Cellars customers, several individuals in the wine industry, and to the public in general that are untrue and/or misleading regarding Schrader Cellars and the source, nature, and quality of Schrader wine, including Schrader RBS. Those false and misleading statements include that Roach was an owner and/or winemaker of Schrader RBS, Roach was a partner in the production of Schrader RBS, Schrader RBS was affiliated with Houston and/or Texas, and that Roach was associated with the production, marketing, and sale of other Schrader wines.

-11-

47.     Roach made those statements both to individual restauranteurs and potential industry purchasers around the United States and the world, members of Schrader Cellars' relevant market of potential customers located in the United States, and groups of highly influential wine industry individuals.

48.     As alleged above, these untrue and misleading statements have deceived and are likely to deceive members of the wine industry and public at large by leading them to believe, among other things, that Roach, a Houston attorney with zero wine-making experience, was involved in the production, marketing, and sale of elite Napa-appellated Schrader wines.

49.     By virtue of the conduct described above, Roach has made false and misleading statements and misrepresentations of fact in commerce, including in advertising, in communications with purchasers and potential purchasers, and in conversations with influential restauranteurs and collectors within the wine industry.

50.     Roach's statements as described above have a tendency to deceive and have deceived Schrader Cellars' customers and potential customers, including by damaging the valuable goodwill associated with Schrader wine and Schrader Cellars.

51.     Roach's statements are material and are likely to influence decisions regarding the placement and purchase of Schrader wine.

52.     On information and belief, Roach has acted willfully, intentionally and in bad faith.

53.     Schrader Cellars has suffered and continues to suffer an irreparable injury by Roach's wrongful acts of false advertising including a loss of goodwill, and no remedy available at law would be sufficient to compensate it for that injury.

54.     Considering the balance of the hardships between Schrader Cellars and Roach, an injunction is warranted and the public interest would not be disserved by the issuance of an injunction.

55.     As such, Schrader Cellars is entitled to a preliminary and permanent injunction restraining Roach, and all persons acting in concert, from engaging in further acts constituting false advertising in violation of the Lanham Act.

56.     As a result of Roach's actions described herein and pursuant to 15 U.S.C. § 1117(a), Schrader Cellars is entitled to and should be awarded Roach's profits, any damages sustained by

-12-

Schrader Cellars, and the costs of this action, in amounts to be determined at trial, as well as other available remedies, including, attorneys' fees, in an amount to be determined at trial.

57.     Roach should additionally be required to issue corrective advertising to repair the damage it has done to Schrader Cellars with its customers and in the marketplace.

<u>**COUNT III**</u>

**California False Advertising**

**(Cal. Bus. and Prof. Code § 17500, *et seq.*)**

58.     Plaintiff refers to and incorporates by reference as if fully set forth herein each and every allegation of paragraphs 1-37 and 45-57 hereof.

59.     The acts of Roach complained of herein constitute false advertising in violation of California Business and Professions Code Section 17500, *et seq.*, by misrepresenting the nature, qualities and characteristics of Schrader Cellars and Schrader wines and by stating that he is a producer or owner of Schrader wines, when such is not the fact.

60.     Roach has made and continues to make false and misleading statements to present and potential Schrader Cellars customers, several individuals in the wine industry, and to the public in general that are untrue and/or misleading regarding Schrader Cellars and the source, nature, and quality of Schrader wine.

61.     Those false and misleading statements include that Roach was an owner and/or winemaker of Schrader RBS, Roach was a partner in the production of Schrader RBS, Schrader RBS was affiliated with Houston and/or Texas, and that Roach was associated with the production, marketing, and sale of other Schrader wines.

62.     Roach has made those false and misleading statements in printed statements and electronically on the internet.

63.     Roach knew that the statements were false when he made them.

64.     These false and misleading statements and Roach's unauthorized use of the SCHRADER marks have caused confusion and are likely to cause confusion and have deceived and are likely to deceive members of the wine industry, customers, potential customers, and the public at large regarding the affiliation or relationship with Roach, a Houston attorney with zero wine-making

-13-

experience, and whether Roach and his services are related to, approved by, or somehow sponsored or affiliated with Schrader Cellars, its elite Napa-appellated Schrader wines, and the SCHRADER marks.

65.     Roach's conduct and activities have caused irreparable injury to Plaintiff.  Plaintiff seeks both restitution, in an amount to be determined at trial, as well as injunctive relief to remedy the harm caused by Roach.  Unless enjoined by this Court, this conduct will continue to cause public confusion and serious irreparable injury to Schrader Cellars and its trademarks.  Plaintiff seeks an injunction to enjoin Roach's continued publication of false and misleading statements, as well as a mandatory injunction requiring affirmative actions by Roach to remedy or correct the false and misleading information that has been disseminated by him.

**COUNT IV**

**Federal Trademark Infringement**
**(15 U.S.C. § 1114)**

66.     Plaintiff refers to and incorporates by reference as if fully set forth herein each and every allegation of paragraphs 1-37, 45-57, and 59-65 hereof.

67.     The Schrader Cellars trade name and SCHRADER marks are distinctive marks and have become associated with Schrader Cellars wine produced in Napa Valley and thus exclusively identify Plaintiff's business, goods, and services.

68.     Roach deliberately and willfully used and is using the SCHRADER marks and trade name, including the Schrader RBS mark, in interstate commerce and in connection with the advertising, marketing, distribution, or sale of Roach's own goods and services in an attempt to benefit from the enormous goodwill, reputation, and selling power established by Schrader Cellars and the SCHRADER marks.

69.     Plaintiff has not consented to Roach's use of the SCHRADER marks or Schrader trade name.

70.     Roach's use of the SCHRADER marks and trade name began after the SCHRADER marks became famous.

-14-

71.     Roach's statements in commerce and unauthorized use of the SCHRADER marks and trade name falsely suggest to consumers that Schrader wines are in some manner connected with, sponsored by, affiliated with, or related to Randy Roach and/or Houston, Texas. These misrepresentations have and are likely to continue to cause reputational injury to Plaintiff and the valuable goodwill associated with Schrader wine.

72.     Roach's statements and unauthorized use of the SCHRADER marks and trade name has caused and is likely to continue to cause confusion, mistake, or deception among consumers as to the source, nature, and quality of Schrader wine, in that consumers or others are likely to believe that Randy Roach is associated with, connected to, affiliated with, or related to Schrader Cellars, and that Schrader Cellars wine originates in Houston, Texas rather than the To Kalon vineyards in Napa, California.

73.     Roach's statements and unauthorized use of the SCHRADER marks and trade name in connection with the advertising, marketing, distribution, or sale of his own wine and self-promotion allows, and will continue to allow, Roach to receive the benefit of the goodwill established at great labor and expense by Schrader Cellars.

74.     Roach's statements and unauthorized use of the SCHRADER marks and trade name deprive Schrader Cellars of the ability to control the consumer perception of the quality of the wine marketed under the SCHRADER marks, and places Schrader Cellars' valuable reputation and goodwill in the hands of Roach, over whom Schrader Cellars has no control.

75.     As a result of the foregoing alleged actions of Roach, Roach has been unjustly enriched, and Plaintiff has suffered and will continue to suffer substantial damage to its business, goodwill, reputation, profits, and strength of its SCHRADER marks.

76.     On information and belief, Roach has acted willfully, intentionally and in bad faith.

77.     Plaintiff has suffered and continues to suffer an irreparable injury by Roach's wrongful acts of false advertising including a loss of goodwill, and no remedy available at law would be sufficient to compensate it for that injury.

78.     Unless enjoined by the Court, Roach's actions will further impair the value of Plaintiff's trade name, reputation, and goodwill and cause injury and damages to Plaintiff.

**COUNT V**

**California Trademark Infringement**

**(Cal. Bus. & Prof. Code § 14320)**

79.     Plaintiff refers to and incorporates by reference as if fully set forth herein each and every allegation of paragraphs 1-37, 45-57, 59-65, and 67-78 hereof.

80.     The acts of Roach complained of herein constitute trademark infringement in violation of California common law and California Business and Professions Code Section 14200, *et seq*., including California Business and Professions Code Section 14320.

81.     The Schrader Cellars trade name and SCHRADER marks are distinctive marks and have become associated with Schrader Cellars wine produced in Napa Valley and thus exclusively identify Plaintiff's business, goods, and services.

82.     Roach deliberately and willfully used and is using the SCHRADER marks and trade name, including the Schrader RBS mark in commerce and in connection with the advertising, marketing, distribution, or sale of Roach's own goods and services in an attempt to benefit from the enormous goodwill, reputation, and selling power established by Schrader Cellars and the SCHRADER marks.

83.     Plaintiff has not consented to Roach's use of the SCHRADER marks or Schrader trade name.

84.     Roach's use of the SCHRADER marks and trade name began after the SCHRADER marks became famous.

85.     Roach's statements in commerce and unauthorized use of the SCHRADER marks and trade name falsely suggest to consumers that Schrader wines are in some manner connected with, sponsored by, affiliated with, or related to Randy Roach and/or Houston, Texas. These misrepresentations have and are likely to continue to cause reputational injury to Plaintiff and the valuable goodwill associated with Schrader wine.

86.     Roach's statements and unauthorized use of the SCHRADER marks and trade name has caused and is likely to continue to cause confusion, mistake, or deception among consumers as to the source, nature, and quality of Schrader wine, in that consumers or others are likely to believe that

-16-

Randy Roach is associated with, connected to, affiliated with, or related to Schrader Cellars, and that Schrader Cellars wine originates in Houston, Texas rather than the To Kalon vineyards in Napa, California.

87.     Roach's statements and unauthorized use of the SCHRADER marks and trade name in connection with the advertising, marketing, distribution, or sale of his own wine and self-promotion allows, and will continue to allow, Roach to receive the benefit of the goodwill established at great labor and expense by Schrader Cellars.

88.     Roach's statements and unauthorized use of the SCHRADER marks and trade name deprive Schrader Cellars of the ability to control the consumer perception of the quality of the wine marketed under the SCHRADER marks, and places Schrader Cellars' valuable reputation and goodwill in the hands of Roach, over whom Schrader Cellars has no control.

89.     Roach's use of the SCHRADER marks in violation of California Business and Professions Code Section 14320 is willful, intentional, and in conscious disregard of Plaintiff's rights.

90.     Roach's foregoing conduct is causing Plaintiff to suffer monetary loss and irreparable and substantial harm and injury to its business, goodwill, and reputation.  Unless enjoined, Roach's conduct will continue to cause Plaintiff irreparable injury.

## COUNT VI

### Federal Trademark Dilution

### (15 U.S.C. § 1125(c))

91.     Plaintiff refers to and incorporates by reference as if fully set forth herein each and every allegation of paragraphs 1-37, 45-57, 59-65, 67-78, and 80-90 hereof.

92.     The Schrader Cellars trade name and SCHRADER marks are distinctive marks and have become associated with Schrader Cellars wine produced in Napa Valley and thus exclusively identify Plaintiff's business, goods, and services.

93.     Roach deliberately and willfully used and is using the SCHRADER marks and trade name, including the Schrader RBS mark in interstate commerce and in connection with the advertising, marketing, distribution, or sale of Roach's own goods and services in an attempt to benefit from the enormous goodwill, reputation, and selling power established by Schrader Cellars and the

-17-

SCHRADER marks.

94.     Plaintiff has not consented to Roach's use of the SCHRADER marks or Schrader trade name.

95.     Roach's use of the SCHRADER marks and trade name began after the SCHRADER marks became famous.

96.     Roach's statements in commerce and unauthorized use of the SCHRADER marks and trade name falsely suggest to consumers that Schrader wines are in some manner connected with, sponsored by, affiliated with, or related to Randy Roach and/or Houston, Texas. These misrepresentations have and are likely to continue to cause reputational injury to Plaintiff and the valuable goodwill associated with Schrader wine.

97.     Roach's statements and unauthorized use of the SCHRADER marks and trade name has caused and is likely to continue to cause confusion, mistake, or deception among consumers as to the source, nature, and quality of Schrader wine, in that consumers or others are likely to believe that Randy Roach is associated with, connected to, affiliated with, or related to Schrader Cellars, and that Schrader Cellars wine originates in Houston, Texas rather than the To Kalon vineyards in Napa, California.

98.     Roach's statements and unauthorized use of the SCHRADER marks and trade name in connection with the advertising, marketing, distribution, or sale of his own wine and self-promotion allows, and will continue to allow, Roach to receive the benefit of the goodwill established at great labor and expense by Schrader Cellars.

99.     Roach's statements and unauthorized use of the SCHRADER marks and trade name deprive Schrader Cellars of the ability to control the consumer perception of the quality of the wine marketed under the SCHRADER marks, and places Schrader Cellars' valuable reputation and goodwill in the hands of Roach, over whom Schrader Cellars has no control.

100.     Roach's statements and unauthorized use of the SCHRADER marks and trade name are diluting the distinctive quality of the SCHRADER marks.

101.     As a result of the foregoing alleged actions of Roach, Roach has been unjustly enriched, and Plaintiff has suffered and will continue to suffer substantial damage to its business, goodwill,

-18-

1    reputation, profits, and strength of its SCHRADER marks.

2         102.    On information and belief, Roach has acted willfully, intentionally and in bad faith.

3         103.    Plaintiff has suffered and continues to suffer an irreparable injury by Roach's wrongful

4    acts of false advertising including a loss of goodwill, and no remedy available at law would be

5    sufficient to compensate it for that injury.

6         104.    Unless enjoined by the Court, Roach's actions will further impair the value of

7    Plaintiff's trade name, reputation, and goodwill and cause injury and damages to Plaintiff.

8                                        **COUNT VII**

9                              **California Trademark Dilution**

10                            **(Cal. Bus. & Prof. Code § 14247)**

11        105.    Plaintiff refers to and incorporates by reference as if fully set forth herein each and

12   every allegation of paragraphs 1-37, 45-57, 59-65, 67-78, 80-90, and 92-104 hereof.

13        106.    The acts of Roach complained of herein constitute trademark dilution in violation of

14   California common law and California Business and Professions Code Section 14200, *et seq*.,

15   including California Business and Professions Code Section 14247.

16        107.    The Schrader Cellars trade name and SCHRADER marks are distinctive marks and

17   have become associated with Schrader Cellars wine produced in Napa Valley and thus exclusively

18   identify Plaintiff's business, goods, and services.

19        108.    Roach deliberately and willfully used and is using the SCHRADER marks and trade

20   name, including the Schrader RBS mark in interstate commerce and in connection with the advertising,

21   marketing, distribution, or sale of Roach's own goods and services in an attempt to benefit from the

22   enormous goodwill, reputation, and selling power established by Schrader Cellars and the

23   SCHRADER marks.

24        109.    Plaintiff has not consented to Roach's use of the SCHRADER marks or Schrader trade

25   name.

26        110.    Roach's use of the SCHRADER marks and trade name began after the SCHRADER

27   marks became famous.

28

111.     Roach's statements in commerce and unauthorized use of the SCHRADER marks and trade name falsely suggest to consumers that Schrader wines are in some manner connected with, sponsored by, affiliated with, or related to Randy Roach and/or Houston, Texas. These misrepresentations have and are likely to continue to cause reputational injury to Plaintiff and the valuable goodwill associated with Schrader wine.

112.     Roach's statements and unauthorized use of the SCHRADER marks and trade name has caused and is likely to continue to cause confusion, mistake, or deception among consumers as to the source, nature, and quality of Schrader wine, in that consumers or others are likely to believe that Randy Roach is associated with, connected to, affiliated with, or related to Schrader Cellars, and that Schrader Cellars wine originates in Houston, Texas rather than the To Kalon vineyards in Napa, California.

113.     Roach's statements and unauthorized use of the SCHRADER marks and trade name in connection with the advertising, marketing, distribution, or sale of his own wine and self-promotion allows, and will continue to allow, Roach to receive the benefit of the goodwill established at great labor and expense by Schrader Cellars.

114.     Roach's statements and unauthorized use of the SCHRADER marks and trade name deprive Schrader Cellars of the ability to control the consumer perception of the quality of the wine marketed under the SCHRADER marks, and places Schrader Cellars' valuable reputation and goodwill in the hands of Roach, over whom Schrader Cellars has no control.

115.     Roach's use of the SCHRADER marks in connection with any of his activities that are unconnected to Schrader Cellars and are neither sponsored by Schrader Cellars nor within Schrader Cellars' control is likely to injure the business reputation of or dilute the distinctive quality of Schrader Cellars, Schrader wines, and the SCHRADER marks, thereby causing injury to Plaintiff.

116.     Such likelihood of injury and dilution entitles Plaintiff to an injunction enjoining Roach from any use of Schrader Cellars' name and/or marks or variations thereof pursuant to California Business and Professions Code section 14247, regardless of whether there is competition between Roach and Plaintiff or whether there is confusion as to the source of the goods or services.

117.     Roach's use of the SCHRADER marks in violation of California Business and

-20-

1   Professions Code Section 14247 is willful, intentional, and in conscious disregard of Plaintiff's rights.

2         118.   Roach's foregoing conduct is causing Plaintiff to suffer monetary loss and irreparable

3   and substantial harm and injury to its business, goodwill, and reputation.  Unless enjoined, Roach's

4   conduct will continue to cause Plaintiff irreparable injury.

5   <div align="center">**<u>COUNT VIII</u>**</div>

6   <div align="center">**Trade Libel/Defamation**</div>

7         119.   Plaintiff refers to and incorporates by reference as if fully set forth herein each and

8   every allegation of paragraphs 1-37, 45-57, 59-65, 67-78, 80-90, 92-104, and 106-118 hereof.

9         120.   As alleged herein, Roach has published and continues to publish false and defamatory

10   statements, both verbally and in writing, to present and potential Schrader Cellars customers,

11   individuals in the wine industry, and to the public in general about Schrader Cellars, including that

12   Roach, a Houston attorney with zero wine-making experience, was an owner and/or winemaker of

13   Schrader RBS, that Roach was a partner in the production of Schrader RBS, and that Schrader RBS

14   was affiliated with Houston and/or Texas, and that Schrader RBS was "stolen" from him by

15   Schrader Cellars.

16         121.   These false and defamatory statements and publications were made by Roach with the

17   intent to disparage Schrader Cellars and/or the quality or origin of its wines.  Roach's statements

18   falsely suggest to consumers that Schrader wines are in some manner connected with, sponsored by,

19   affiliated with, or related to Randy Roach and/or Houston, Texas, and that Schrader Cellars has acted

20   wrongfully with respect to Roach.  These misrepresentations have caused and are likely to continue to

21   cause reputational injury to Schrader Cellars and the valuable goodwill associated with Schrader

22   Cellars and induce current Schrader Cellars' customers and potential customers not to purchase

23   Schrader wine.

24         122.   Roach published or allowed to be published the false, defamatory, and unprivileged

25   statements with actual knowledge of their falsity.  Roach intended for publication of the statements to

26   result in harm to the interests of Plaintiff and either recognized or should have recognized that the

27   statements were likely to result in such harm and that potential customers would rely on them.

28         123.   The false and defamatory statements alleged herein caused both general and special

<div align="center">-21-</div>

      Case No: _____

damages to Schrader Cellars and its wines and have deterred customers from buying Schrader Cellars' wine and from otherwise dealing with Plaintiff, causing Plaintiff pecuniary damage.

124.    Roach's actions are wanton, willful, oppressive, malicious, and fraudulent, and as a result, the Court should assess exemplary damages so as to punish and make an example of Roach in an effort to deter him or others from engaging in similar misconduct in the future.

## COUNT IX

### Unjust Enrichment

125.    Plaintiff refers to and incorporates by reference as if fully set forth herein each and every allegation of paragraphs 1-37, 45-57, 59-65, 67-78, 80-90, 92-104, 106-118, and 120-143 hereof.

126.    Roach has made statements to present and potential Schrader Cellars customers, several individuals in the wine industry, and to the public in general that Roach was an owner and/or winemaker of Schrader RBS, Roach was a partner in the production of Schrader RBS, Schrader RBS was affiliated with Houston and/or Texas, and that Roach was associated with the production, marketing, and sale of other Schrader wines.

127.    Roach deliberately and willfully used and is using the Schrader trade name and marks, including the Schrader RBS mark in interstate commerce and in connection with the advertising, marketing, distribution, or sale of Roach's own goods and services in an attempt to benefit from the enormous goodwill, reputation, and selling power established by Schrader Cellars and the SCHRADER marks.

128.    In 2019, Roach profited off of his unauthorized use of the goodwill associated with Schrader Cellars and the SCHRADER marks Schrader Cellars when he sold over $1 million of wine at an auction event specifically for his collection of Schrader wines. The catalogue for the event, addressed to "Fellow Schrader Lovers," refers to Roach as a "partner in the production, marketing, and sale of Schrader RBS Cabernet."

129.    Roach also claimed tax deductions for expenses he claimed were related to Schrader RBS. Roach wrote off expenditures for fine dining, lavish trips to nationally and abroad, and purchases of cigars and other top-shelf liquor in connection with his unsanctioned "promotion" of Schrader RBS across the United States.

130.     Roach's statements and unauthorized use of the SCHRADER marks and trade name in connection with the advertising, marketing, distribution, or sale of his own wine and self-promotion allows, and will continue to allow, Roach to receive the benefit of the goodwill established at great labor and expense by Schrader Cellars.

131.     The unauthorized use of the SCHRADER marks and trade name by Roach unjustly enriches Roach at Plaintiff's expense.

132.     Roach's conduct and activities have caused irreparable injury to Plaintiff in an amount to be determined at trial, and, unless enjoined by this Court, will continue to cause irreparable injury to Plaintiff.

## COUNT X

### Breach of Fiduciary Duty

133.     Plaintiff refers to and incorporates by reference as if fully set forth herein each and every allegation of paragraphs 1-37 hereof.

134.     On or about early 2001, Plaintiff retained and employed Roach to represent Plaintiff as Plaintiff's attorney at law.  At such time and place, Roach accepted such employment and performed legal services for Plaintiff on an ongoing basis for several years.

135.     By virtue of the attorney-client relationship that existed between Schrader Cellars on the one hand and Roach on the other hand, and by virtue of Schrader Cellars having placed confidence in the fidelity and integrity of Roach and in entrusting Roach with representation of Schrader Cellars in business and legal matters, a confidential relationship existed at all times herein mentioned between Plaintiff and Roach, and Roach owed to Plaintiff a fiduciary duty even after the attorney-client relationship was terminated in July 2016.

136.     Despite having voluntarily accepted the trust and confidence of Plaintiff with regard to its legal and business matters, and in violation of this relationship of trust and confidence, Roach abused the trust and confidence of Plaintiff by attempting to acquire an ownership, possessory, and/or pecuniary interest in Schrader Cellars, LLC by without notifying Plaintiff of his intent to do so, giving Plaintiff the opportunity to seek the advice of independent counsel, or obtaining Plaintiff's written consent.

-23-

Case No: _____

137.     As a direct and proximate result of Roach's breach of fiduciary duties owed to Plaintiff during and after the termination of the attorney-client relationship, Plaintiff has been damaged in an amount to be proven at trial.

138.     In doing the acts herein alleged, Roach acted with oppression, fraud, and malice, and Plaintiff is entitled to exemplary damages.

## COUNT XI

### California Unfair Competition

### (Cal. Bus. & Prof. Code § 17200, *et seq.*)

139.     Plaintiff refers to and incorporates by reference as if fully set forth herein each and every allegation of paragraphs 1-37, 45-57, 59-65, 67-78, 80-90, 92-104, 106-118, 120-124, 126-132 and 134-138 hereof.

140.     By engaging in the actions set forth herein, including unfair competition, trademark infringement, trademark dilution, false designation of origin, false advertising, trade libel, false and defamatory statements, and breach of fiduciary duty, Roach has engaged in unlawful, unfair, and fraudulent business acts and practices in violation of California Business and Professions code section 17200, *et seq.*

141.     As a direct and proximate result of Roach's wrongful actions described above, Plaintiff has and will continue to suffer monetary loss and irreparable and substantial harm and injury to its business, goodwill, and reputation.  Unless enjoined, Roach's conduct will continue to cause Plaintiff immediate and irreparable injury and will continue to cause public confusion.  Plaintiff is entitled to an injunction prohibiting Roach from continuing the practices described above and restitution of all amount acquired by Roach by means of such wrongful acts.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff SCHRADER CELLARS, LLC prays for judgment against Defendant ROBERT M. ROACH as follows:

A.     For a judicial declaration that:

(i)     There were no liens or encumbrances on any of Schrader Cellars, LLC's physical assets or intellectual property when Schrader Cellars, LLC became a wholly-owned subsidiary of Franciscan Vineyards (n/k/a) TPWC, Inc.;

(ii)    All right, title, and interest to the claimed assets are the sole property of Plaintiff Schrader Cellars, LLC, including all physical assets, inventory, and intellectual property associated with Schrader Cellars and the SCHRADER marks;

(iii)   Roach has no rights or title to Plaintiff's assets;

(iv)   Roach has no registered or common law rights to any SCHRADER mark, including the Schrader RBS mark; and

(v)    Roach has zero percent membership interest in Schrader Cellars, LLC;

B.    Finding Roach liable for infringement of the SCHRADER marks and otherwise liable for the actions and claims described herein;

C.    Granting a preliminary and thereafter a permanent injunction restraining and enjoining Roach and all those in privity, concert, or participation with Roach from:

(i)     infringing the SCHRADER marks;

(ii)    falsely designating the origin of the SCHRADER marks or otherwise creating a false association with Schrader Cellars;

(iii)   injuring Schrader Cellars' goodwill and reputation;

(iv)   engaging in false advertising as prohibited by § 43(A) of the Lanham Act; and

(v)    engaging in false advertising and unfair competition as prohibited by California Business and Professions Code §§ 17200 and 17500, *et seq.*

D.    Ordering Roach to account for all profits derived from Roach's unlawful use of the SCHRADER marks and trade name;

E.    Ordering Roach to pay Plaintiff monetary relief in an amount equal to Roach's profits plus damages sustained by Plaintiff as a result of Roach's acts of infringement, dilution, false advertising, and unfair competition complained of herein;

F.    Ordering Roach to pay Plaintiff three times Roach's profits made as a result of Roach's wrongful actions or three times Plaintiff's damages, whichever is greater;

-25-

1   G.   Finding that this case is exceptional and awarding Plaintiff its reasonable attorneys' fees and

2        costs incurred in connection with this action;

3   H.    Trebling any damages awarded to Plaintiff due to Roach's willful and intentional acts of

4        trademark infringement, false association, false designation of origin, and unfair competition

5        and awarding exemplary damages for Roach's willful and intentional acts;

6   I.   Awarding Plaintiff compensatory, general, special and/or punitive damages as permitted by

7        law and in an amount to be determined according to proof at trial;

8   J.   For prejudgment interest according to law;

9   K.   Finding that Plaintiff is entitled to recover its costs of Court; and

10  L.   For such other and further relief the Court deems just and proper.

11

12                          **JURY DEMAND**

13       Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff requests a trial by jury

14  on all triable issues.

15

16   Dated: February 26, 2021                    By:   _/s/ Stacie O. Kinser_

17                                                      Stacie O. Kinser

18                                               PILLSBURY WINTHROP SHAW
                                                 PITTMAN LLP
19                                               Stacie O. Kinser (Cal. Bar No. 300529)
                                                 stacie.kinser@pillsburylaw.com
20                                               Four Embarcadero Center, 22nd Floor
                                                 San Francisco, CA  94111
21                                               Telephone:  (415) 983-1000
                                                 Facsimile:  (415) 983-1200
22
                                                 PILLSBURY WINTHROP SHAW
23                                               PITTMAN LLP
                                                 Casey Low (Tex. Bar No. 24041363)
24                                               casey.low@pillsburylaw.com
                                                 _Pro Hac Vice_ forthcoming
25                                               401 Congress Ave., Suite 1700
                                                 Austin, TX 78701
26                                               Telephone: (512) 580-9600
                                                 Facsimile: (512) 375-4901
27

28

                                           -26-

# EXHIBIT A

**Int. Cl.: 33**

**Prior U.S. Cls.: 47 and 49**

**United States Patent and Trademark Office**

Reg. No. 3,487,525

Registered Aug. 19, 2008

## TRADEMARK
### PRINCIPAL REGISTER

# SCHRADER

SCHRADER CELLARS, LLC (CALIFORNIA LTD LIAB CO)

1345 LINCOLN AVE. #A

CALISTOGA, CA 94515

FOR: WINES, IN CLASS 33 (U.S. CLS. 47 AND 49).

FIRST USE 11-0-2001; IN COMMERCE 11-0-2001.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SEC. 2(F).

SER. NO. 77-266,558, FILED 8-28-2007.

LINDA ORNDORFF, EXAMINING ATTORNEY

**EXHIBIT B**

# United States of America

## United States Patent and Trademark Office

# RBS

**Reg. No. 5,176,524**

**Registered Apr. 04, 2017**

**Int. Cl.: 33**

**Trademark**

**Principal Register**

Schrader Cellars, LLC (CALIFORNIA LIMITED LIABILITY COMPANY)
P.O. Box 1004
Calistoga, CA 94515

CLASS 33: Wine

FIRST USE 7-16-2003; IN COMMERCE 10-22-2003

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

SER. NO. 87-217,916, FILED 10-27-2016
ANDREW C LEASER, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office

<div style="border:1px solid">

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

</div>

**Requirements in the First Ten  Years\***
**What and When to File:**

- *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  See 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.\* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an  Application for  Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. See 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the  World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  See 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** h ttp://www.uspto.gov.

**NOTE:  A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic  Application System (TEAS) Correspondence  Address and Change of Owner  Address Forms available at** http://www.uspto.gov.

# EXHIBIT C

# United States of America

## United States Patent and Trademark Office



**Reg. No. 5,176,393**

**Registered Apr. 04, 2017**

**Int. Cl.: 33**

**Trademark**

**Principal Register**

Schrader Cellars, LLC (CALIFORNIA LIMITED LIABILITY COMPANY)
P.O. Box 1004
Calistoga, CA 94515

CLASS 33: Wine

FIRST USE 9-18-2014; IN COMMERCE 11-4-2014

The mark consists of the word "COLESWORTHY" in a stylized font encircled by a broken outline of an oval with four distinctively shaped medallions, bearing the image of a lion, cougar, the letter "f" and the profile of a female bust, respectively, centered below the word element of the mark.

SER. NO. 87-160,224, FILED 09-02-2016
ANDREW C LEASER, EXAMINING ATTORNEY



*Michelle K. Lee*

Director of the United States
Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten  Years\***
**What and When to File:**

- ***First Filing Deadline:***  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  See 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- ***Second Filing Deadline:***  You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.\* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an  Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.  See 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO.  Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the  World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  See 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** h ttp://www.uspto.gov.

**NOTE:  A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic  Application System (TEAS) Correspondence  Address and Change of Owner  Address Forms available at** http://www.uspto.gov.

# EXHIBIT D

**Int. Cl.: 33**

**Prior U.S. Cls.: 47 and 49**

**Reg. No. 2,861,501**

## United States Patent and Trademark Office

Registered July 6, 2004

## TRADEMARK
### PRINCIPAL REGISTER

## DOUBLE DIAMOND

SCHRADER CELLARS, LLC (CALIFORNIA COR-
    PORATION)
P.O. BOX 1004
CALISTOGA, CA 94515 AND
MIDSUMMER CELLARS, LLC (CALIFORNIA COR-
    PORATION)
107 LILAC STREET
ST. HELENA, CA 94574

FOR: WINE AND DISTILLED SPIRITS, IN CLASS
33 (U.S. CLS. 47 AND 49).

FIRST USE 2-1-2004; IN COMMERCE 4-12-2004.

SN 78-189,564, FILED 11-27-2002.

JOHN GARTNER, EXAMINING ATTORNEY

# EXHIBIT E

# United States of America

## United States Patent and Trademark Office

# CCS

**Reg. No. 5,176,522**

**Registered Apr. 04, 2017**

**Int. Cl.: 33**

**Trademark**

**Principal Register**

SCHRADER CELLARS, LLC (CALIFORNIA LIMITED LIABILITY COMPANY)
P.O. Box 1004
Calistoga, CA 94515

CLASS 33: Wine

FIRST USE 6-27-2006; IN COMMERCE 10-1-2006

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

SER. NO. 87-217,840, FILED 10-27-2016
ANDREW C LEASER, EXAMINING ATTORNEY



*Michelle K. Lee*

Director of the United States
Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten  Years***
**What and When to File:**

- *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  See 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and  an  Application for  Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date).  The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.  See 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO.  Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the  World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  See 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE:  A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic  Application System (TEAS) Correspondence  Address and Change of Owner  Address Forms available at** http://www.uspto.gov.

# EXHIBIT F

# United States of America

## United States Patent and Trademark Office



**Reg. No. 5,176,386**

**Registered Apr. 04, 2017**

**Int. Cl.: 33**

**Trademark**

**Principal Register**

Schrader Cellars, LLC (CALIFORNIA LIMITED LIABILITY COMPANY)
P.O. Box 1004
Calistoga, CA 94515

CLASS 33: Wine

FIRST USE 8-1-2004; IN COMMERCE 11-23-2004

The mark consists of a stylized image of a fire breathing dragon wearing a crown.

SER. NO. 87-159,940, FILED 09-02-2016
ANDREW C LEASER, EXAMINING ATTORNEY



*Michelle K. Lee*

Director of the United States
Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten  Years\***
**What and When to File:**

- *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  See 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.\* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and  an  Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.  See 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO.  Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the  World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  See 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE:  A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic  Application System (TEAS) Correspondence  Address and Change of Owner  Address Forms available at** http://www.uspto.gov.

# EXHIBIT G

# United States of America

## United States Patent and Trademark Office

# LPV

**Reg. No. 5,176,523**

**Registered Apr. 04, 2017**

**Int. Cl.: 33**

**Trademark**

**Principal Register**

Schrader Cellars, LLC (CALIFORNIA LIMITED LIABILITY COMPANY)
P.O. Box 1004
Calistoga, CA 94515

CLASS 33: Wine

FIRST USE 4-7-2013; IN COMMERCE 11-4-2013

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

SER. NO. 87-217,894, FILED 10-27-2016
ANDREW C LEASER, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten  Years\***
**What and When to File:**

- ***First Filing Deadline:***  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  See 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- ***Second Filing Deadline:***  You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.\* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an  Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. See 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the  World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  See 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE:  A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic  Application System (TEAS) Correspondence  Address and Change of Owner  Address Forms available at** http://www.uspto.gov.

**EXHIBIT H**

# United States of America

## United States Patent and Trademark Office

# OLD SPARKY

**Reg. No. 5,176,526**

**Registered Apr. 04, 2017**

**Int. Cl.: 33**

**Trademark**

**Principal Register**

Schrader Cellars, LLC (CALIFORNIA LIMITED LIABILITY COMPANY)
P.O. Box 1004
Calistoga, CA 94515

CLASS 33: Wine

FIRST USE 10-16-2004; IN COMMERCE 12-13-2004

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

SER. NO. 87-217,960, FILED 10-27-2016
ANDREW C LEASER, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten  Years\***
**What and When to File:**

- *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  See 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.\* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and  an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.  See 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO.  Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the  World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  See 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** h ttp://www.uspto.gov.

**NOTE:  A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic  Application System (TEAS) Correspondence  Address and Change of Owner  Address Forms available at** http://www.uspto.gov.

# EXHIBIT I

# United States of America

## United States Patent and Trademark Office

# T6

**Reg. No. 5,176,530**

**Registered Apr. 04, 2017**

**Int. Cl.: 33**

**Trademark**

**Principal Register**

Schrader Cellars, LLC (CALIFORNIA LIMITED LIABILITY COMPANY)
P.O. Box 1004
Calistoga, CA 94515

CLASS 33: Wine

FIRST USE 4-6-2005; IN COMMERCE 7-25-2005

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

SER. NO. 87-219,801, FILED 10-28-2016
ANDREW C LEASER, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten  Years\***
**What and When to File:**

- *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  See 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.\* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and  an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.  See 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO.  Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the  World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  See 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE:  A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic  Application System (TEAS) Correspondence  Address and Change of Owner  Address Forms available at** http://www.uspto.gov.