PILLSBURY WINTHROP SHAW
PITTMAN LLP
STACIE O. KINSER (Cal. Bar No. 300529)
stacie.kinser@pillsburylaw.com
JEREMY F. RUEF (Cal Bar No. 336472)
jeremy.ruef@pillsburylaw.com
Four Embarcadero Center, 22nd Floor
San Francisco, CA  9411
Telephone:     415.983.1000
Facsimile:     415.983.1200

PILLSBURY WINTHROP SHAW
PITTMAN LLP
CASEY LOW (Tex. Bar No. 24041363)
*Pro Hac Vice*
casey.low@pillsburylaw.com
SARAH GOETZ (Tex. Bar No. 24109930)
*Pro Hac Vice*
sarah.goetz@pillsburylaw.com
401 Congress Ave., Suite 1700
Austin, TX  78701
Telephone:     512.580.9600
Facsimile:     512.375.4901

Attorneys for Plaintiff and Cross-Defendant
SCHRADER CELLARS, LLC

JOSEPH P. MCMONIGLE, Bar No. 66811
JESSICA R. MACGREGOR, Bar No. 168777
LONG & LEVIT LLP
465 California Street, Suite 500
San Francisco, CA  94104
Telephone:     (415) 397-2222
Facsimile:     (415) 397-6392
jmcmonigle@longlevit.com
jmacgregor@longlevit.com

JOHN W. NEWTON, III (*pro hac vice*)
Texas Bar No. 14983300
MANUEL LOPEZ (*pro hac vice*)
Texas Bar No. 00784495
ROACH NEWTON, LLP
One Westchase Center
10777 Westheimer Road, Suite 1100
Houston, TX  77042
Telephone:     (713) 652-2032
Facsimile:     (713) 652-2029
Email:        jnewton@roachnewton.com
mlopez@roachnewton.com
(Continued on Signature Page)

Attorneys for Defendant and Counterclaimant
ROBERT M. (RANDY) ROACH, JR.

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

SCHRADER CELLARS, LLC,
    Plaintiff,

  v.

ROBERT M. (RANDY) ROACH, JR.
    Defendant.

SCHRADER CELLARS, LLC,
    Counterclaimant, v.

ROBERT M. (RANDY) ROACH, JR.
    Cross-Defendant.

Case No. 3:21-cv-01431-SK
**[PROPOSED] JOINT JURY
INSTRUCTIONS**

1    Pursuant to the Case Management and Pretrial Order (Dkt. 53), Plaintiff Schrader Cellars,

2    LLC, and Defendant Robert M. (Randy) Roach Jr., jointly submit this proposed set of jury

3    instructions arranged in logical sequence.

4

5

6    Respectfully submitted,

7    Dated: February 9, 2023                    Dated: February 9, 2023

8    By: */s/ Stacie O. Kinser*                 By: */s/ Jessica R. MacGregor*
           Stacie O. Kinser                           Jessica R. MacGregor

9
10   *Attorneys for Plaintiff and Counter-Defendant*    (Defendant's Counsel Continued)
     *SCHRADER CELLARS, LLC*                            MIKAL C. WATTS (*pro hac vice*)
11                                                           Texas Bar No. 20981820
                                                        FRANCISCO GUERRA IV (*pro hac vice*)
12                                                          Texas Bar No. 00796684
                                                        MARK A.J. FASSOLD (*pro hac vice*)
13                                                          Texas Bar No. 24012609
                                                        LANCE P. KIMBRO (*pro hac vice*)
14                                                          Texas Bar No. 24124779
                                                        JULIE A. MATSEN (*pro hac vice*)
15                                                          Texas Bar No. 24115654
                                                        WATTS GUERRA, LLP
16                                                      4 Dominion Drive
                                                        Bldg. 3, Suite 100
17                                                      San Antonio, Texas 78257
                                                        Telephone:    (210) 447-0500
18                                                      Facsimile:    (210) 447-0501
                                                        Email:        mcwatts@wattsguerra.com
19                                                                    fguerra@wattsguerra.com
                                                                      mfassold@wattsguerra.com
20                                                                    lkimbro@wattsguerra.com
                                                                      jmatsen@wattsguerra.com
21
22
23                                                      *Attorneys for Defendant and Counterclaimant*
                                                        *ROBERT M. (RANDY) ROACH, JR.*
24
25
26
27
28

[PROPOSED] JOINT JURY INSTRUCTIONS
Case No. 3:21-cv-01431-SK

## STIPULATED INSTRUCTION NO. 1 RE: DUTY OF JURY

Members of the Jury: You are now the jury in this case.  It is my duty to instruct you on the law that applies to this case.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it.  You will be allowed to keep this set of instructions to refer to throughout the trial.  These instructions are not to be taken home and must remain in the jury room when you leave in the evenings.  At the end of the trial, these instructions will be collected, and I will give you a final set of instructions.  It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

Authority: *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* § 1.2 (2017 ed., updated in 2022).

[PROPOSED] JOINT JURY INSTRUCTIONS
Case No. 3:21-cv-01431-SK

1

2

### STIPULATED INSTRUCTION NO. 2 RE: CLAIMS AND DEFENSES

3

   To help you follow the evidence, I will give you a brief summary of the positions of the parties:

4

5

   The plaintiff, Schrader Cellars, LLC ("Schrader Cellars"), asserts ~~that~~ a claim for breach of fiduciary duty against the defendant, Robert M. (Randy) Roach, Jr. ("Mr. Roach").  ~~The plaintiff~~ Schrader Cellars has the burden of proving ~~these claims~~ this claim by a preponderance of the evidence.

6

7

   ~~The defendant~~ Mr. Roach denies those claims and also asserts the affirmative defense of limitations.  ~~The defendant~~ Mr. Roach has the burden of proving these affirmative defenses by a preponderance of the evidence.

8

9

10

Authority: *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* § 1.6 (2017 ed., updated in 2022);

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] JOINT JURY INSTRUCTIONS
Case No. 3:21-cv-01431-SK

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## STIPULATED INSTRUCTION NO. 3 RE: BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Authority: *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* § 1.6 (2017 ed., updated in 2022).

## STIPULATED INSTRUCTION NO. 4 RE: WHAT IS EVIDENCE?

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits that are admitted into evidence;

3.      any facts to which the lawyers have agreed; and

4.      any facts that I may instruct you to accept as proved.

Authority: *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* § 1.9 (2017 ed., updated in 2022).

[PROPOSED] JOINT JURY INSTRUCTIONS
Case No. 3:21-cv-01431-SK

## **STIPULATED INSTRUCTION NO. 5 RE: WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.     Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

4.     Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Authority: *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* § 1.10, 1.11 (2017 ed., updated in 2022).

[PROPOSED] JOINT JURY INSTRUCTIONS
Case No. 3:21-cv-01431-SK

1   **STIPULATED INSTRUCTION NO. 6 RE: DIRECT AND CIRCUMSTANTIAL EVIDENCE**

2       Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as

3 testimony by a witness about what that witness personally saw or heard or did.  Circumstantial

evidence is proof of one or more facts from which you could find another fact.  You should consider

4 both kinds of evidence.  The law makes no distinction between the weight to be given to either direct

or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

5

6       By way of example, if you wake up in the morning and see that the sidewalk is wet, you may

find from that fact that it rained during the night. However, other evidence, such as a turned-on

7 garden hose, may provide a different explanation for the presence of water on the sidewalk.

Therefore, before you decide that a fact has been proved by circumstantial evidence, you must

8 consider all the evidence in the light of reason, experience and common sense.

9

10 Authority: *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* § 1.12 (2017 ed., updated in 2022).

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] JOINT JURY INSTRUCTIONS
Case No. 3:21-cv-01431-SK

1

## STIPULATED INSTRUCTION NO. 7 RE: RULING ON OBJECTIONS

2

3

4

5

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered, or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

6

7

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence.  That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

8

9

Authority: *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* § 1.13 (2017 ed., updated in 2022).

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] JOINT JURY INSTRUCTIONS
Case No. 3:21-cv-01431-SK

1

## **STIPULATED INSTRUCTION NO. 8 RE: CREDIBILITY OF WITNESSES**

2

3        In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

4        In considering the testimony of any witness, you may take into account:

5        1.        the opportunity and ability of the witness to see or hear or know the things testified to;

6        2.        the witness's memory;

7        3.        the witness's manner while testifying;

8        4.        the witness's interest in the outcome of the case, if any;

9

10       5.        the witness's bias or prejudice, if any;

11       6.        whether other evidence contradicted the witness's testimony;

12       7.        the reasonableness of the witness's testimony in light of all the evidence; and

13       8.        any other factors that bear on believability.

14       Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

15

16

17       However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

18

19

20       The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

21

22

23       Authority: *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* § 1.14 (2017 ed., updated in 2022).

24

25

26

27

28

[PROPOSED] JOINT JURY INSTRUCTIONS
Case No. 3:21-cv-01431-SK

## STIPULATED INSTRUCTION NO. 9 RE: CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved – including the parties, the witnesses or the lawyers – until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case

11

[PROPOSED] JOINT JURY INSTRUCTIONS
Case No. 3:21-cv-01431-SK

based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

Authority: *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* § 1.15 (2017 ed., updated in 2022).

[PROPOSED] JOINT JURY INSTRUCTIONS
Case No. 3:21-cv-01431-SK

1

## **STIPULATED INSTRUCTION NO. 10 RE: NO TRANSCRIPT AVAILABLE TO JURY**

2
3

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

4

Authority: *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* § 1.17 (2017 ed., updated in 2022).

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] JOINT JURY INSTRUCTIONS
Case No. 3:21-cv-01431-SK

1

## **STIPULATED INSTRUCTION NO. 11 RE: PUBLICITY DURING TRIAL**

2

   If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch, or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

Authority: *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* § 1.16 (2017 ed., updated in 2022).

[PROPOSED] JOINT JURY INSTRUCTIONS
Case No. 3:21-cv-01431-SK

## <u>STIPULATED INSTRUCTION NO. 12 RE: TAKING NOTES</u>

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you go to the jury room to decide the case.  Do not let notetaking distract you.  When you leave, your notes should be left in the jury room.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of other jurors.

Authority: *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* § 1.18 (2017 ed., updated in 2022).

[PROPOSED] JOINT JURY INSTRUCTIONS
Case No. 3:21-cv-01431-SK

1

2

**STIPULATED INSTRUCTION NO. 13 RE: QUESTIONS TO WITNESSES BY JURORS**

**DURING TRIAL**

3

4

5

6

When attorneys have finished their examination of a witness, you may ask questions of the witness.  If you have a question, you should write your question on a piece of paper, raise your hand, and hand your written question to the Courtroom Deputy Clerk.  If the rules of evidence do not permit a particular question, I will advise you.  After your questions, if any, the attorneys may ask additional questions.

7

Authority: *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* § 1.19 (2017 ed., updated in 2022).

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16

## STIPULATED INSTRUCTION NO. 14 RE: BENCH CONFERENCES AND RECESSES

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess. Please understand that while you were waiting, we were working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum. I did not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Authority: *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* § 1.20 (2017 ed., updated in 2022).

[PROPOSED] JOINT JURY INSTRUCTIONS
Case No. 3:21-cv-01431-SK

## <u>STIPULATED INSTRUCTION NO. 15 RE: OUTLINE OF TRIAL</u>

Trials proceed in the following way: First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

Schrader Cellars will then present evidence, and counsel for Randy Roach may cross-examine.  Then Randy Roach may present evidence, and counsel for Schrader Cellars may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Authority: *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* § 1.21 (2017 ed., updated in 2022).

[PROPOSED] JOINT JURY INSTRUCTIONS
Case No. 3:21-cv-01431-SK

1

## **STIPULATED INSTRUCTION NO. 16 RE: STIPULATIONS OF FACT**

2

    The parties have agreed to certain facts that will be read to you. You must therefore treat these

3

facts as having been proved.

4

Authority: *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* § 2.2 (2017 ed., updated in 2022).

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

19

## STIPULATED INSTRUCTION NO. 17 RE: DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

~~The deposition of [*name of witness*] was taken on [*date*].~~  The depositions of several witnesses were played or read to you during this trial. Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

Authority: *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* § 2.4 (2017 ed., updated in 2022).

[PROPOSED] JOINT JURY INSTRUCTIONS
Case No. 3:21-cv-01431-SK

## STIPULATED INSTRUCTION NO. 18 RE: IMPEACHMENT EVIDENCE – WITNESS

~~The evidence that a witness [e.g., has been convicted of a crime, lied under oath on a prior occasion, etc.]~~ Impeachment evidence (such as, for example, that a witness gave an inconsistent statement on a prior occasion) may be considered, along with all other evidence, in deciding whether to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

Authority: *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* § 2.9 (2017 ed., updated in 2022). *See* Fed. R. Evid. 608–09; *United States v. Hankey*, 203 F.3d 1160, 1173 (9th Cir. 2000) (finding that district court properly admitted impeachment evidence following limiting instruction to jury).

## STIPULATED INSTRUCTION NO. 19 RE: EXPERT OPINION

You have heard testimony from ~~[name]~~ experts who testified to opinions and the reasons for their opinions. This opinion testimony is allowed because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Authority: *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* § 2.9 (2017 ed., updated in 2022).

[PROPOSED] JOINT JURY INSTRUCTIONS
Case No. 3:21-cv-01431-SK

1    **<u>STIPULATED INSTRUCTION NO. 20 RE: EVIDENCE FOR LIMITED PURPOSE</u>**

2        Some evidence may be admitted only for a limited purpose.  When I instruct you that an item
3    of evidence has been admitted only for a limited purpose, you must consider it only for that limited
     purpose and not for any other purpose.

4

5    Authority: *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* § 1.11 (2017 ed.,
     updated in 2022).

23

1

2

## STIPULATED INSTRUCTION NO. 21 RE: CHARTS AND SUMMARIES NOT RECEIVED

## IN EVIDENCE

3

4

5

Certain charts and summaries not admitted into evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

6

7

Authority: *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* § 2.14 (2017 ed., updated in 2022).

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] JOINT JURY INSTRUCTIONS
Case No. 3:21-cv-01431-SK

1

2

## <u>STIPULATED INSTRUCTION NO. 22 RE: CHARTS AND SUMMARIES RECEIVED IN</u>

## <u>EVIDENCE</u>

3

4

5

Certain charts and summaries have been admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

6

7

Authority: *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* § 2.15 (2017 ed., updated in 2022).

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] JOINT JURY INSTRUCTIONS
Case No. 3:21-cv-01431-SK

## **STIPULATED INSTRUCTION NO. 23 RE: EVIDENCE IN ELECTRONIC FORMAT**

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the [clerk] [bailiff].) If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the [clerk] [bailiff], signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with [the clerk] [the bailiff] present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials. Do not remove the computer or any electronic data [disk] from the jury room, and do not copy any such data.

Authority: *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* § 2.16 (2017 ed., updated in 2022).

[PROPOSED] JOINT JURY INSTRUCTIONS
Case No. 3:21-cv-01431-SK

1
2

**STIPULATED INSTRUCTION NO. 24 RE: LIABILITY OF CORPORATION/LLC – SCOPE OF AUTHORITY NOT IN ISSUE**

3

    All parties are equal before the law and a corporation or limited liability company ("LLC") is

4
entitled to the same fair and conscientious consideration by you as any party.

5

Authority: *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* § 4.1 (2017 ed.,

6
updated in 2022).

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] JOINT JURY INSTRUCTIONS
Case No. 3:21-cv-01431-SK

## STIPULATED INSTRUCTION NO. 25 RE: CORPORATION / LLC – FAIR TREATMENT

Under the law, a corporation or LLC is considered to be a person. It can only act through its employees, agents, members, directors, or officers. Therefore, a corporation or LLC is responsible for the acts of its employees, agents, members, directors, and officers performed within the scope of authority.

Authority: *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* § 4.2 (2017 ed., updated in 2022).

1

## DISPUTED INSTRUCTION NO. 26 RE: BREACH OF FIDUCIARY DUTY, OFFERED BY

## SCHRADER CELLARS

Schrader Cellars claims that it was harmed because Randy Roach breached an attorney's duty not to enter into a business transaction with a client or knowingly acquiring an ownership, possessory, security, or other pecuniary interest adverse to a client without following the requirements of Rule 3-300 of the California Rules of Professional Conduct. To establish this claim, Schrader Cellars must prove all of the following:

1. That Randy Roach breached the duty of an attorney to follow the requirements of Rule 3-300 of the California Rules of Professional Conduct.

2. That Schrader Cellars was harmed; and

3. That Randy Roach's conduct was a substantial factor in causing Schrader Cellars' harm.

This Court has already found that Roach did not comply with Rule 3-300, which requires a writing, because the parties agree that there was no writing to memorialize this agreement. You need only to determine whether there is any harm caused to Schrader Cellars by Randy Roach's breach of his duty as an attorney, and whether Randy Roach's conduct was a substantial factor in causing Schrader Cellars' harm.

Authority cited: Judicial Council of California No. 4106; Dkt. 168 at 30 ("There is no dispute that Roach did not comply with Rule 3-300, which requires a writing, because the parties agree that there was no writing to memorialize this agreement.").

29

## <u>DISPUTED INSTRUCTION NO. 26 RE: BREACH OF FIDUCIARY DUTY, OFFERED BY ROACH</u>

Schrader Cellars claims that it was harmed because Robert M. Roach, Jr. breached an attorney's duty of loyalty. To establish this claim, Schrader Cellars must prove all of the following:

1.    That Robert M. Roach, Jr. breached the duty of loyalty owed by an attorney;

2.    That Schrader Cellars was harmed; and

3.    That Robert M. Roach, Jr.'s conduct was a substantial factor in causing Schrader Cellars' harm.

Authority: Judicial Council of California No. 4106.

[PROPOSED] JOINT JURY INSTRUCTIONS
Case No. 3:21-cv-01431-SK

1

## DISPUTED INSTRUCTION NO. 27 RE: CAUSATION: SUBSTANTIAL FACTOR,

## OFFERED BY SCHRADER CELLARS

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

Authority: Judicial Council of California No. 430.

[PROPOSED] JOINT JURY INSTRUCTIONS
Case No. 3:21-cv-01431-SK

1

2

## <u>DISPUTED INSTRUCTION NO. 27 RE: CAUSATION: SUBSTANTIAL FACTOR,</u>

## <u>OFFERED BY ROACH</u>

3

4

5

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm.  It must be more than a remote or trivial factor.  It does not have to be the only cause of the harm.  Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

6

7

Authority: Judicial Council of California No. 430.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] JOINT JURY INSTRUCTIONS
Case No. 3:21-cv-01431-SK

1

## **DISPUTED INSTRUCTION NO. 28 RE: UNCLEAN HANDS, SUBSTANTIAL FACTOR,**

2

## **OFFERED BY ROACH**

3

     A plaintiff must act fairly in the matter for which he seeks a remedy.  He must come into court

4

with clean hands, and keep them clean, or he will be denied relief.  Acting fairly means engaging in

conduct that does not violate conscience, or good faith, or other equitable standards.

5

6

Authority: *Jay Bharat Developers, Inc. v. Minidis* (2008) 167 Cal.App.4th 437, 445; *Kendall-Jackson Winery, Ltd.*

*v. Superior Court* (1999) 76 Cal.App.4th 970, 979.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] JOINT JURY INSTRUCTIONS
Case No. 3:21-cv-01431-SK

1

## DISPUTED INSTRUCTION NO. 28 RE: UNCLEAN HANDS, SUBSTANTIAL FACTOR,

## OFFERED BY SCHRADER CELLARS

Schrader Cellars contends that no such instruction in any version shall be given, as stated, and explained, in its separate memorandum.

1

2

## DISPUTED INSTRUCTION NO. 29 RE: ESTABLISHING AN ATTORNEY-CLIENT RELATIONSHIP, OFFERED BY ROACH

3

4

5

6

An attorney-client relationship can only be created by contract, express or implied.  A formal retainer and fee agreement is not necessary.  When a party seeking legal advice consults an attorney at law and secures that advice, the relation of attorney and client is established.  However, where an attorney acts merely as a negotiator for a client or is providing business advice, the relationship is not one of attorney client.

7

8

Authority: *Shen v. Miller (2012) 212 Cal.App.4th 48, 56-67; Costco Wholesale Corp. v. Superior Court (2009) 47 Cal.4th 725, 735.*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] JOINT JURY INSTRUCTIONS
Case No. 3:21-cv-01431-SK

## DISPUTED INSTRUCTION NO. 29 RE: ESTABLISHING AN ATTORNEY-CLIENT

## RELATIONSHIP, OFFERED BY SCHRADER CELLARS

Schrader Cellars contends that no such instruction in any version shall be given, as stated, and explained, in its separate memorandum.

1

2

## <u>DISPUTED INSTRUCTION NO. 30 RE: VIOLATION OF RULE OF PROFESSIONAL CONDUCT OFFERED BY ROACH</u>

3

4

5

        The California Rules of Professional Conduct are not designed to be a basis for civil liability. A violation of a California Rule of Professional Conduct does not itself give rise to a cause of action for enforcement of a rule or for damages caused by failure to comply with the rule.  Nevertheless, a lawyer's violation of a rule may be evidence of breach of a lawyer's fiduciary or other substantive legal duty.

6

7

Authority: *CRPC 1.0, Stanley v. Richmond (1995) 35 Cal.App.4th 1070, 1097.*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] JOINT JURY INSTRUCTIONS
Case No. 3:21-cv-01431-SK

1

## DISPUTED INSTRUCTION NO. 30 RE: VIOLATION OF RULE OF PROFESSIONAL

2

## CONDUCT OFFERED BY SCHRADER CELLARS

3

Schrader Cellars contends that no such instruction in any version shall be given, as stated, and

4

explained, in its separate memorandum.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] JOINT JURY INSTRUCTIONS
Case No. 3:21-cv-01431-SK

## STIPULATED INSTRUCTION NO. 31 RE: AFFIRMATIVE DEFENSE – STATUTE OF LIMITATIONS – ATTORNEY MALPRACTICE – ONE-YEAR LIMIT (CODE CIV. PROC., § 3406)

Robert M. Roach, Jr. contends that Schrader Cellars' lawsuit was not filed within the time set by law.  To succeed on this defense, Robert M. Roach, Jr. must prove that on or before September 2, 2019, Schrader Cellars knew, or with reasonable diligence should have discovered, the facts of Robert M. Roach Jr.'s alleged wrongful act or omission.

If, however, Schrader Cellars proves that it did not sustain actual injury until on or after September 2, 2019 the period within which Schrader Cellars had to file the lawsuit is extended until Schrader Cellars sustained actual injury.

[that on or after [insert date one year before date of filing] [name of defendant] continued to represent [name of plaintiff] regarding the specific subject matter in which the wrongful act or omission occurred[,/; or]]

[that on or after [insert date one year before date of filing] [he/she/nonbinary pronoun/it] was under a legal or physical disability that restricted [his/her/nonbinary pronoun/its] ability to file a lawsuit[,/;]]

Authority cited: Judicial Council of California No. 610.

1

## <u>DISPUTED INSTRUCTION NO. 32 RE: ACTUAL INJURY, OFFERED BY SCHRADER</u>

2

## <u>CELLARS</u>

3

"Actual injury" occurred when Cellars was compelled, as a result of the attorney's error, to incur or pay attorney fees. The threat of a future suit is not an actual injury.

4

5

6

Authority cited: Dkt. 168 at 31 (Court's Order) ("A client suffers damages "when he is compelled, as a result of the attorney's error, to incur or pay attorney fees." The threat of a future suit is not an actual injury.") (quoting *Jordache Enterprises, Inc. v. Brobeck, Phleger, & Harrison*, 18 Cal.4th 739, 750-751 (1998)); Dkt. 132 at 21 (Roach's MSJ on SOL) ("It is well settled that "[a] client suffers damage when he is compelled, as a result of the attorney's error, to incur or pay attorney fees." (quoting *Jordache Enerprises, Inc.*, 18 Cal.4th at 750-51).

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] JOINT JURY INSTRUCTIONS
Case No. 3:21-cv-01431-SK

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DISPUTED INSTRUCTION NO. 32 RE: ACTUAL INJURY, OFFERED BY ROACH

Actual injury occurs when Schrader Cellars sustains any loss or injury legally cognizable as damages in a legal malpractice action based on the acts or omissions that the plaintiff alleged. It is the fact of damage, rather than the amount, that is the critical factor.

Authority cited: CACI 610, Sources and Authority; Genisman v. Carley (2018) 29 Cal.App.5th 45, 52.

[PROPOSED] JOINT JURY INSTRUCTIONS
Case No. 3:21-cv-01431-SK

1

2

## DISPUTED INSTRUCTION NO. 33 RE: TORT DAMAGES – LIABILITY CONTESTED, OFFERED BY ROACH

3

4
    If you decide that Schrader Cellars, LLC has proved its claim against Robert M. Roach, Jr., you also must decide how much money will reasonably compensate Schrader Cellars, LLC for the harm. This compensation is called "damages."

5

6
    The amount of damages must include an award for each item of harm that was caused by Robert M. Roach, Jr.'s wrongful conduct, even if the particular harm could not have been anticipated.

7

8
    Schrader Cellars does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. However, you must not speculate or guess in awarding damages.

9

10
    The following are the specific items of damages claimed by Schrader Cellars, LLC: [Insert applicable instructions on items of damage.][1]

11

Authority: Judicial Council of California No. 3900

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
[1] This portion of the instruction is not filled-in given the uncertain nature of Cellars' claim for damages. It will be revised, if necessary, following resolution of issues bearing upon the subject.

28

[PROPOSED] JOINT JURY INSTRUCTIONS
Case No. 3:21-cv-01431-SK

1

2

## **DISPUTED INSTRUCTION NO. 33 RE: TORT DAMAGES – LIABILITY CONTESTED,**

## **OFFERED BY SCHRADER CELLARS**

3

4

Schrader Cellars contends that no such instruction in any version shall be given, as stated, and explained, in its separate memorandum.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] JOINT JURY INSTRUCTIONS
Case No. 3:21-cv-01431-SK

## DISPUTED INSTRUCTION NO. 34 RE: TORT DAMAGES – LIABILITY ESTABLISHED, OFFERED BY SCHRADER CELLARS

If you decide that Schrader Cellars was harmed and that Randy Roach's breach of fiduciary duty was a substantial factor in causing the harm, you also must decide how much money will reasonably compensate Schrader Cellars for the harm. This compensation is called "damages."

The amount of damages must include an award for each item of harm that was caused by Randy Roach's wrongful conduct, even if the particular harm could not have been anticipated. Schrader Cellars does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. However, you must not speculate or guess in awarding damages.

The following are the specific items of damages claimed by Schrader Cellars:

1. Attorneys' fees, and expert witness fees, incurred or expended by Schrader Cellars through having to sue its former attorney, Randy Roach, for breach of fiduciary duty.

Authority cited: Judicial Council of California No. 3901.

## DISPUTED INSTRUCTION NO. 34 RE: TORT DAMAGES – LIABILITY ESTABLISHED, OFFERED BY ROACH

Roach contends that no such instruction in any version shall be given, as stated, and explained, in his separate memorandum.

## STIPULATED INSTRUCTION NO. 35 RE: PREJUDGMENT INTEREST (CIV. CODE § 3288)

If you decide that Schrader Cellars is entitled to recover damages for past economic loss in one or more of the categories of damages that it claims, then you must decide whether it should also receive prejudgment interest on each item of loss in those categories. Prejudgment interest is the amount of interest the law provides to a plaintiff to compensate for the loss of the ability to use the funds. If prejudgment interest is awarded, it is computed from the date on which each loss was incurred until the date on which you sign your verdict.

Whether Schrader Cellars should receive an award of prejudgment interest on all, some, or none of any past economic damages that you may award is within your discretion. If you award these damages to Schrader Cellars, you will be asked to address prejudgment interest in the special verdict form.

Authority cited: Judicial Council of California No. 3935.

[PROPOSED] JOINT JURY INSTRUCTIONS
Case No. 3:21-cv-01431-SK

1

## STIPULATED INSTRUCTION NO. 36 RE: DUTY TO DELIBERATE

2

Before you begin your deliberations, elect one member of the jury as your presiding juror.

3

4

The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

5

6

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous. Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

7

8

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

9

10

11

Authority: *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* § 3.1 (2017 ed., updated in 2022).

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

47

## STIPULATED INSTRUCTION NO. 37 RE: CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved – including the parties, the witnesses, or the lawyers – until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

Authority: *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* § 3.2 (2017 ed., updated in 2022).

## STIPULATED INSTRUCTION NO. 38 RE: COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Courtroom Deputy Clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing.  I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone – including the court – the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

Authority: *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* § 3.3 (2017 ed., updated in 2022).

[PROPOSED] JOINT JURY INSTRUCTIONS
Case No. 3:21-cv-01431-SK

1

## STIPULATED INSTRUCTION NO. 39 RE: RETURN OF VERDICT

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the Courtroom Deputy Clerk that you are ready to return to the courtroom.

Authority: *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* § 3.5 (2017 ed., updated in 2022).

**IT IS SO ORDERED.**

Dated: March 7, 2023

_____
SALLIE KIM
United States Magistrate Judge

[PROPOSED] JOINT JURY INSTRUCTIONS
Case No. 3:21-cv-01431-SK