1
2
3
4                        UNITED STATES DISTRICT COURT

5                       NORTHERN DISTRICT OF CALIFORNIA

6

7   SCHRADER CELLARS, LLC,                    Case No. 21-cv-01431-SK

8                  Plaintiff,
                                              **ORDER REGARDING MOTION BY**
9          v.                                 **PLAINTIFF SCHRADER CELLARS**
                                              **LLC FOR ATTORNEYS' FEES AND**
10  ROBERT M. ROACH,                          **COSTS AND OBJECTIONS TO BILLS**
                                              **OF COSTS**
11                 Defendant.
                                              Regarding Docket Nos. 297, 298, 299, 306,
12                                            311

13

14         Now before the Court is the motion for attorneys' fees and non-taxable costs filed by

15  Plaintiff Schrader Cellars, LLC ("Cellars").  Both parties also filed bills of costs.  Having carefully

16  considered the parties' papers, relevant legal authority, and the record in the case, the Court hereby

17  denies Cellars' motion and denies both parties' requests for costs for the reasons set forth below.

18                                    **BACKGROUND**

19         The Court has written extensively about this case in ruling on the parties' dueling motions

20  for summary judgment/adjudication.  (Dkt. No. 168.)  This dispute arose out of a friendship

21  between Fred Schrader and Robert M. ("Randy") Roach that led to a business arrangement and

22  later a conflict over ownership rights to part of a winery, Schrader Cellars.[1]  Before conflict arose

23  in 2018, Roach and Fred were close friends for over two decades.  (Dkt. No. 168.)  Roach

24  provided funding to start an entity called "Roach Brown Schrader" ("RBS"), and the crux of this

25  dispute arose over the formation and status of RBS and its relationship with Cellars.  (Dkt. No.

26

27         [1]  Because there are two individuals in the case with the last name "Schrader," the Court
    refers to them by their first names:  Fred and Carol.  All references to Schrader Cellars will be to
28  "Cellars," also to avoid confusion.

United States District Court
Northern District of California

168.)  Between 1997 and 2016, Roach provided legal services to Fred, Cellars, and/or RBS.  (Dkt. No. 168.)  Fred and Roach disagreed about whether the funding Roach provided was a loan or an investment, and there was no specific writing to outline the terms of that funding.  (Dkt. No. 168.)  Roach asserts that, as part of the agreement, he provided legal services to Cellars.  (Dkt. No. 168.)  Cellars agrees that Roach provided legal services and that it paid him for those services in the form of cases of very expensive wine.  The two competing versions of the alleged agreement are as follows:  (1) Roach claims that he provided funds and his legal services as an investment for RBS, an entity separate from Cellars; and (2) Cellars claims that Roach provided funds as a loan, which Cellars repaid in full, and that Roach separately provided legal services for which Cellars paid in cases of expensive wine.

In 2017, Franciscan Vineyards, then a subsidiary to Constellation Brands, Inc. ("Constellation") acquired Cellars, and Constellation became the parent company of Cellars. (Dkt. No. 168.)  Roach learned of the sale of Cellars and then filed suit in Texas state court against only Fred initially and later also against Constellation (the "Texas litigation").  (Dkt. No. 168.)  In the Texas litigation, Roach claimed that he had an ownership interest in RBS that had been comingled into the assets of Cellars and, thus, that Constellation had wrongfully obtained Roach's property.  (Dkt. No. 168.)  Cellars was never a party to the Texas litigation.  (Dkt. No. 168.)

On February 26, 2021, Cellars originally filed this suit for declaratory relief, false advertising, trademark infringement, trademark dilution, trade libel/defamation, unjust enrichment, breach of fiduciary duty, and violation of California Business and Professions Code section 17200, *et seq.*  (Dkt. No. 1.)  Cellars sought a judicial declaration that:

> a. There were no liens or encumbrances on any of Schrader Cellars, LLC's physical assets or intellectual property when Schrader Cellars, LLC became a wholly-owned subsidiary of Franciscan Vineyards (n/k/a) TPWC, Inc.;
> b. All right, title, and interest to the claimed assets are the sole property of Plaintiff Schrader Cellars, LLC, including all physical assets, inventory, and intellectual property associated with Schrader Cellars and the SCHRADER marks;
> c. Roach has no rights or title to Plaintiff's assets;
> d. Roach has no registered or common law rights to any SCHRADER mark, including the Schrader RBS mark; and

e. Roach has zero percent membership interest in Schrader Cellars, LLC.

(Dkt. No. 1.)  Cellars also explained its theory of breach of fiduciary duty against Roach.  (*Id*., ¶¶ 134-138.)  Cellars alleged that, because it had retained Roach as an attorney, there was a confidential relationship between them, and Roach owed Cellars a fiduciary duty even after the attorney-client relationship was terminated in July 2016.  (*Id*., ¶ 135.)  Cellars alleged that "Roach abused the trust and confidence of" Cellars "by attempting to acquire an ownership, possessory, and/or pecuniary interest in" Cellars, without notifying Cellars "of his intent to do so, giving Plaintiff the opportunity to seek the advice of independent counsel, or obtaining Plaintiff's written consent."  (*Id*., ¶ 136.)  Cellars filed an amended Complaint, and the allegations of the amended Complaint regarding breach of fiduciary duty were identical to the allegations in the original Complaint.  (Dkt. No. 32 (First Amend. Compl. ("FAC")), ¶¶ 94-99.)

Roach filed an Answer and Counterclaim.  (Dkt. No. 28.)  Roach alleged claims for (1) cancellation of the trademark "RBS" due to fraud on the United States Patent and Trademark Office ("U.S. PTO"), (2) cancellation of other trademarks, (3) declaratory judgment that Cellars currently holds RBS assets in trust for Roach because Cellars took over the assets of RBS in a wrongful manner, (4) declaratory judgment that Cellars is equitably estopped from denying Roach's ownership interest in the RBS assets because its actions caused Roach to believe that Cellars recognized his ownership; (5) declaratory judgment that Cellars is equitably estopped from denying Roach's equitable ownership in Cellars; and (6) equitable accounting.  (*Id*.)  The theory behind the first two claims for cancellation of the trademarks is that Cellars obtained those trademarks by fraudulent representations to the U.S. PTO because Cellars knowingly and fraudulently declared under oath in their trademark applications that Cellars was the owner of the trademarks, that it was entitled to exclusive use, and that no other person or entity had the right to use the trademarks in commerce.  (*Id*., ¶¶ 24, 28.)  Roach alleged that he had an equitable ownership of the trademarks because Cellars fraudulently diverted the funds that he invested in RBS.  (*Id*., ¶¶ 35, 37.)

The Court ruled on Roach's motion to dismiss by dismissing the claims for unfair competition under both federal and state law, the claims for trademark infringement under both

3

federal and state law, the claim for defamation with leave to amend, and the claim for unjust enrichment.  (Dkt. No. 27.)  The Court dismissed those claims with leave to amend.  (*Id*.)

Cellars filed a First Amended Complaint with the following claims:  (1) declaratory relief, (2) federal false advertising, (3) federal trademark infringement, (4) common law trademark infringement, (5) unjust enrichment, and (6) breach of fiduciary duty.  (Dkt. No. 32.)  Roach filed another motion to dismiss, and the Court granted in part and denied Roach's motion.  The Court dismissed the false advertising claim with prejudice and restricted the claims for trademark infringement but otherwise allowed them to go forward.  (Dkt. No. 46.)

Cellars filed a motion to dismiss the first and second claims in Roach's Counterclaim.  (Dkt. No. 31.)  The Court denied the motion to dismiss to allow the claims for cancellation of the RBS mark but granted the motion as to the remaining marks, and granted Roach leave to amend.  (Dkt. No. 46.)

Roach then filed an Amended Answer and Amended Counterclaims.  (Dkt. No. 54.)  He re-asserted the same claims:  (1) cancellation of the trademark "RBS", (2) cancellation of other trademarks, (3) declaratory judgment that Cellars currently holds RBS assets in trust for Roach because Cellars took over the assets of RBS in a wrongful manner, (4) declaratory judgment that Cellars is equitably estopped from denying Roach's ownership interest in the RBS assets because its actions caused Roach to believe that Cellars recognized his ownership; (5) declaratory judgment that Cellars is equitably estopped from denying Roach's equitable ownership in Cellars; and (6) equitable accounting.  (*Id*.)

Cellars then filed an Answer to the Amended Counterclaims.  (Dkt. No. 58.)

Thus, the sole remaining claims before summary judgment were the competing claims for declaratory relief, Cellars' claim for unjust enrichment, Cellar's claim for breach of fiduciary duty, and Cellars' claims for trademark infringement under federal and common law.  All of the Amended Counterclaims listed above remained before summary judgment.  In its opposition to Roach's motion for summary adjudication, Cellars voluntarily dismissed its claims for federal and common law trademark infringement; Cellars argued that, because Roach admitted that he never used the trademarks in commerce, there was no need for Cellars to prosecute those claims.  (Dkt.

1    No. 137 at page 28.)

2        In ruling on the motions for partial summary judgment and summary adjudication, the

3    Court held that Roach provided legal services to Fred, Cellars, and RBS in California; that

4    California Rule of Professional Responsibility 1-100 applied to his actions; and that Roach was

5    required to adhere to California Rule of Professional Responsibility 3-300 ("Rule 3-300").  (Dkt.

6    No. 168.)  The Court held that, because Roach did not have a written agreement regarding his

7    business relationship with his clients, which was a violation of Rule 3-300, and Roach failed to

8    rebut the presumption that the transaction was the product of undue influence, Roach could not

9    enforce the alleged business agreement with his clients in which he allegedly obtained an

10   ownership interest in RBS.  (Dkt. No. 168.)  The Court thus found in Cellars' favor on its claim

11   for declaratory relief and against Roach on his claims for declaratory relief.  The Court also found

12   that the statute of limitations did not bar as a matter of law the claim for breach of fiduciary duty,

13   Roach's defense of unclean hands, or Cellars' claim for declaratory relief.  (Dkt. No. 168.)

14       The Court granted Roach's motion for leave to file a motion for reconsideration and then

15   denied the motion for reconsideration.  (Dkt. Nos. 171, 184.)  Because Roach asserted that he

16   never used the disputed trademarks in commerce and because the Court had ruled that he had no

17   equitable interest in the trademarks, Cellars reiterated that it no longer asserted any claims for

18   trademark relief and withdrew them.  (Dkt. Nos. 178.)  The Court then granted summary judgment

19   as to Roach's counterclaims for cancellation of trademarks, since Cellars no longer asserted claims

20   against Roach.  (Dkt. No. 187.)  Thus, after those rulings, the only claims remaining were Cellars'

21   claims for breach of fiduciary duty and unjust enrichment against Roach.

22       The case then proceeded to jury trial on the sole issue for the jury:  Cellars' claim for

23   breach of fiduciary duty against Roach.  Cellars' theory was that Roach breached his fiduciary

24   duty to Cellars, his client, in entering into an invalid agreement to gain an ownership interest and

25   in attempting to seize ownership of Cellars.  Cellars claimed that it was forced to bring this suit to

26   "clear title":  to obtain a declaration that Roach has no ownership interest in Cellars.  Cellars

27   claimed as damages the attorneys' fees it was forced to incur in this litigation and also sought as

28   disgorgement the value of the wine it paid to Roach for his legal services.

United States District Court
Northern District of California

The Court instructed the jury as a matter of law that Roach had breached his fiduciary duties to Cellars.  (Dkt. No. 265.)  The jury then found that Roach's breach of fiduciary duty was a substantial factor in causing Cellars harm, that Cellars could not have known, with reasonable diligence, of Roach's wrongful acts, before September 2, 2019; that Cellars did not sustain actual injury from the breach of fiduciary duty before September 2, 2019, and that the gravamen of the claim for breach of fiduciary duty was based on the filing of Roach's Texas litigation (the "litigation privilege defense").  (Dkt. No. 286.)  Thus, because the jury found for Roach on the litigation privilege defense, the jury did not award damages to Cellars.  (Dkt. No. 286.)  Also, because the jury found that the litigation privilege barred Cellars' claim, the Court did not rule separately on Cellars' claim for equitable relief, which was based on the same facts.  The Court then entered judgment.  (Dkt. No. 288.)

After trial, both parties submitted Bills of Cost.  (Dkt. Nos. 297, 298.)  Both parties submitted Objections to the other party's Bill of Costs.  (Dkt. Nos. 306, 311.)

## ANALYSIS

### A.   Motion for Attorneys' Fees.

Cellars seeks an award of attorneys' fees against Roach for his alleged misconduct in this litigation.  Cellars seeks these fees based on the inherent authority the Court has to impose sanctions and based on 28 U.S.C. § 1927.  Section 1927 provides for the award of "excess costs, expenses, and attorneys' fees" caused when an attorney "multiplies the proceedings in any case unreasonably and vexatiously."  The Court also has the inherent power to "fashion an appropriate sanction for conduct which abuses the judicial process."  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991).  Although the Court finds that Roach fought this case aggressively and filed every motion possible, his behavior in this litigation fell just short of the behavior to be sanctioned as unreasonable and vexatious.  For that reason, the Court DENIES the motion.

### B.   Motion for Attorneys' Fees under Lanham Act.

Cellars also argues that it is entitled to attorneys' fees under the Lanham Act as the prevailing party under 15 U.S.C. § 1117(a).  Section 1117 provides that a court may award reasonable attorneys' fees to a plaintiff in a claim brought under the Lanham Act in "exceptional

1    cases." The Supreme Court held, in interpreting a similar provision for the award of attorneys'

2    fees in patent cases:

3                an "exceptional" case is simply one that stands out from others with
              respect to the substantive strength of a party's litigating position
4              (considering both the governing law and the facts of the case) or the
              unreasonable manner in which the case was litigated.  District courts
5              may determine whether a case is "exceptional" in the case-by-case
              exercise of their discretion, considering the totality of the
6              circumstances.

7    *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014).  Here, the Court

8    finds that Cellars' position was not exceptionally strong.  As noted above, Cellars originally filed

9    for trademark infringement based on a theory that Roach was using Cellars' marks in commerce,

10   and when Roach admitted that he was not using the marks in commerce, Cellars dismissed its

11   claim for trademark infringement, leading to the Court's dismissal of Roach's counterclaims for

12   cancellation of trademarks owned by Cellars.  Although this case is unusual, it is not exceptional.

13   Cellars took a position, and Roach responded.  Cellars was correct to dismiss the trademark claim

14   based on Roach's statement that he was not using the trademarks in commerce, and the Court

15   correctly dismissed Roach's counterclaims for cancellation.  And, as discussed above, Roach's

16   conduct does not rise to the level that requires an award of attorneys' fees to Cellars.  Therefore,

17   the Court DENIES Cellar's motion for attorneys' fees under the Lanham Act.

18   **C.    Competing Bills of Costs.**

19         Federal Rule of Civil Procedure 54(d)(1) provides that "costs – other than attorney's fees –

20   should be allowed to the prevailing party."  A court has discretion to "apportion costs between the

21   prevailing and non-prevailing parties as it sees fit."  *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d

22   449, 469 (9th Cir. 2000).

23         The parties here disagree about the prevailing party in this litigation.  Cellars argues that,

24   in prevailing on its claim for declaratory relief, is the prevailing party, but Roach claims that a

25   victory in declaratory relief does not cause Cellars to be the prevailing party.  Here, the Court

26   finds that, because both parties gained substantial victories in this case, neither is the prevailing

27   party.  But even if one party is technically a prevailing party, the Court exercises its discretion to

28   apportion costs such that each side bears its own costs.  Cellars obtained a judgment that Roach

has no ownership rights in Cellars – ownership rights which both parties agree was potentially worth millions of dollars. Roach, on the other hand, defeated the claim of breach of fiduciary duty at trial, and Cellars sought approximately $2.6 million for damages for that claim. Both sides asserted trademark claims against each other, and neither side prevailed on those claims. Under these circumstances, where both sides gained advantages over each other, awarding costs to one party would not be an equitable result. For this reason, the Court DENIES both parties' requests for costs; neither party is entitled to recover costs from the other party.

## CONCLUSION

For the reasons discussed above, the Court DENIES the motion by Plaintiff Schrader Cellars LLC for an award of attorneys' fees and costs and DENIES both parties' requests for costs. No party will recover costs from the other party.

**IT IS SO ORDERED**.

Dated: June 8, 2023

SALLIE KIM
United States Magistrate Judge