UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCHRADER CELLARS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>ROBERT M. ROACH,<br><br>    Defendant. | Case No. 21-cv-01431-SK<br><br>**ORDER ON REQUEST FOR JUDICIAL NOTICE FOR BENCH TRIAL**<br><br>Regarding Docket Nos. 428, 432, 435 |

Now before the Court is the requests for judicial notice filed by the parties. Defendant Robert M. Roach requests that the Court take judicial notice of the following documents:

1. The opening statement made by Plaintiff Schrader Cellars, LLC made in the first trial in this case. (Dkt. No. 290 (March 7, 2023 trial transcript) at pp. 115-123.)

2. Fred Schrader's testimony at the first trial. (Dkt. No. 291 (March 8, 2023 trial transcript) at 200:3.)

3. In the first jury trial of this case, the Court's taking judicial notice of the Texas Court's Order on Constellation's motion to abate and of Robert K. Sall's testimony. (Dkt. No. 292 (March 9, 2023 trial transcript) at 338-40, 395-96, 399-400, 404-6, 415, 418-20.)

4. The Court's instructions to the jury and Schrader Cellar's closing argument in the first trial. (Dkt. No. 293 (March 10, 2023 trial transcript) at 503, 508, 512-13.)

5. The Texas Court's Order on Constellation's motion to abate. (Trial Exhibit 648 from the First Trial).

6. Paragraph 15 from the Complaint and paragraphs 12, 13, 14 from the First Amended Complaint. (Dkt. Nos. 1, 32.)

7. Schrader Cellar's opposition to Roach's motion for summary judgment. (Dkt. No.

137.)

8. The Ninth Circuit's opinion in this case. *Schrader Cellars, LLC v. Roach*, 129 F.4th 1115 (2025).

Schrader Cellars requests that the Court take judicial notice the following documents:

1. Two orders issued in the Texas litigation after the order on the motion to abate. *Schrader v. Roach*, 2022 WL 2203210, at *1 (Tex. App. June 21, 2022) (Order on Roach's motion for rehearing and for *en banc* reconsideration and Fred Schrader's motion for rehearing); *Constellation Brands, Inc. v. Roach*, 2022 WL 17981666, at *1 (Tex. App. Dec. 29, 2022) (Order on Constellation Brands and Fred Schrader's appeal from the denial of their motion to dismiss).

2. The jury verdict from the Texas litigation of *Roach v. Schrader, et al*.

3. Roach's Revised Fifth Amended Petition in the Texas Litigation.

## ANALYSIS

The Court notes that it previously Ordered that the parties were required to clearly indicate if they were addressing an issue the Court previously addressed, including specifying where in the record it was addressed. (Dkt. No. 396 at p. 4.) Roach failed to comply with this Order. At the final day of the bench trial on October 24, 2025, Roach requested that the Court take judicial notice of many of these above documents, including Schrader Cellar's opening statements from the first trial, the Ninth Circuit's opinion, the prior pleadings in this case, Schrader Cellars' opposition to the motion for summary judgment (Dkt. No 424 (Trial Transcript of October 24, 2025).) The Court held that it would take the request to take judicial notice of counsel's opening statement under submission and allow further briefing on that. (*Id*.) The Court denied the request to take judicial notice of the Ninth Circuit's opinion, the prior complaints filed in this case, and Schrader Cellars' opposition brief as unnecessary. (*Id*.) The Court already granted Roach's request to take judicial notice of the Order on the motion to abate in the Texas litigation, which is Trial Exhibit 113.[1] There is no need to make this request again or to address it. Nor is there a

---

[1] At the last day of the bench trial, Roach referred to this document as the motion to abate and in their request for judicial notice Roach refers to it as the Order on the motion to abate. While Roach purports to attach the document as Exhibit 5 to his request for judicial notice, Exhibit 5 appears to be an email and not a motion or an order. Both times Roach referred to this document as Trial Exhibit 648 from the first trial. Both Trial Exhibit 648 from the first trial and Trial Exhibit 113 from the bench trial are copies of the *order* on the motion to abate, and not the actual

need for the Court to take judicial of the fact that it previously took judicial notice of this document. Therefore, the Court DENIES Roach's request to take judicial notice again of the order on the motion to abate in the Texas litigation as well as this Court's previous ruling to take judicial notice of the order on the motion to abate.

The Court will now address the documents on which the Court did not already rule. The Court will not take judicial notice of the opening statements, closing arguments, jury instructions, or prior testimony from the first trial. The transcripts from the first trial in this matter are already in the docket and are part of the record of this case. Therefore, the Court need not take judicial notice of these documents. Roach may simply cite directly to the docket in this case. *360 Acct. Sols., LLC v. Tax Assocs., Inc.*, 2023 WL 4680355, at *2 (C.D. Cal. Jan. 6, 2023) (denying request for judicial notice as unnecessary for the court to consider its own docket); *Ranero v. Cnty. of San Bernardino*, 2018 WL 8058373, at *3 (C.D. Cal. Mar. 12, 2018) ("[T]he Court takes judicial notice of its own docket as a matter of course."); *Chaffey Joint Union High Sch. Dist. v. FieldTurf USA, Inc.*, 2017 WL 3048658, at *2 n.2 (C.D. Cal. Feb. 28, 2017) (declining to take judicial notice of filings and pleadings on the docket as unnecessary and directing defendants to cite directly to the docket). However, the Court will take judicial notice of the orders and filings from the Texas litigation – the two orders issued after the order on the motion to abate, Roach's Revised Fifth Amended Petition, and the jury verdict. *Benton v. Cory*, 474 F. App'x 622, 623-24 (9th Cir. 2012) (taking judicial notice of court filings in other proceedings) (citing *Trigueros v. Adams,* 658 F.3d 983, 987 (9th Cir.2011)). To clarify, the Court is taking judicial notice of the statements made in the pleading and jury verdict but is not taking judicial notice of the truth of these statements.

## CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART the parties' requests for judicial notice. The Court DENIES the request to take judicial notice of the following documents as unnecessary because they are already part of the record:

(1) The opening statement made by Plaintiff Schrader Cellars, LLC made in the first trial in this case. (Dkt. No. 290 (March 7, 2023 trial transcript) at pp. 115-123.)

(2) Fred Schrader's testimony at the first trial. (Dkt. No. 291 (March 8, 2023 trial transcript) at 200:3.)

---

motion to abate.

3

(3) In the first jury trial of this case, the Court's taking judicial notice of the Texas Court's Order on Constellation's motion to abate and of Robert K. Sall's testimony. (Dkt. No. 292 (March 9, 2023 trial transcript) at 338-40, 395-96, 399-400, 404-6, 415, 418-20.)

(4) The Court's instructions to the jury and Schrader Cellar's closing argument in the first trial. (Dkt. No. 293 (March 10, 2023 trial transcript) at 503, 508, 512-13.)

The Court GRANTS the requests to take judicial notice of the following documents from the Texas litigation:

1. Two orders issued in the Texas litigation after the order on the motion to abate. *Schrader v. Roach*, 2022 WL 2203210, at *1 (Tex. App. June 21, 2022) (Order on Roach's motion for rehearing and for *en banc* reconsideration and Fred Schrader's motion for rehearing); *Constellation Brands, Inc. v. Roach*, 2022 WL 17981666, at *1 (Tex. App. Dec. 29, 2022) (Order on Constellation Brands and Fred Schrader's appeal from the denial of their motion to dismiss).

2. The jury verdict from the Texas litigation of *Roach v. Schrader, et al*.

3. Roach's Revised Fifth Amended Petition in the Texas Litigation.

The Court DENIES the requests as MOOT with respect to the following documents because the Court already ruled on Roach's request to take judicial notice of them:

1. Paragraph 15 from the Complaint and paragraphs 12, 13, 14 from the First Amended Complaint. (Dkt. Nos. 1, 32.) The Court previously denied this request as unnecessary.

2. Schrader Cellar's opposition to Roach's motion for summary judgment. (Dkt. No. 137.) The Court previously denied this request as unnecessary.

3. The Texas Court's Order on Constellation's motion to abate. (Trial Exhibit 648 from the First Trial).[2] The Court previously took judicial notice of this order.

4. The Ninth Circuit's opinion in this case. *Schrader Cellars, LLC v. Roach*, 129

---

[2] The Court also took judicial notice of this order during the bench trial. (Dkt. No 424 (Trial Transcript of October 24, 2025) (taking judicial notice of Trial Exhibit 113).)

1   F.4th 1115 (2025).  The Court previously denied this request as unnecessary.  *See*

2   *Benton v. Cory*, 474 F. App'x 622, 623-24 (9th Cir. 2012) ("We grant [appellant]'s

3   request for judicial notice of court filings in other proceedings, but deny as

4   unnecessary his request for judicial notice of legal authorities.")

5   **IT IS SO ORDERED**.

6   Dated: January 9, 2026



SALLIE KIM
United States Magistrate Judge

5